IN THE MATTER OF THE ARBITRATION BETWEEN FLOYD E. COHOON, JR. AND PETER A. ZIMAN

No. 8110SC1214

(Filed 4 January 1983)

1. **Arbitration and Award § 1— substantial interstate activity—applicability of Federal Arbitration Act**

The evidence was sufficient to support the conclusion that substantial interstate activity was contemplated by the parties to a partnership agreement so that the agreement was covered by the Federal Arbitration Act where it showed that one partner was a resident of South Carolina and the other partner was a resident of North Carolina; the agreement was executed in South Carolina and all funds of the partnership were to be deposited in North Carolina banks; the principal office of the partnership was to be in North Carolina; the partnership was formed as a general real estate business and had real estate dealings in both North and South Carolina; the partners traveled outside their home states on partnership business; and the partnership employed a North Carolina general contractor to build one of its South Carolina shopping centers.

2. **Arbitration and Award § 1— dissolution of partnership—applicability of arbitration agreement**

A dispute between partners as to the manner of dissolution of the partnership was a dispute "arising out of or in connection with" the partnership agreement and was thus subject to arbitration as provided in the agreement. Furthermore, a letter sent by one partner to the other was sufficient to invoke the arbitration clause.

3. **Arbitration and Award § 5— dissolution of partnership—scope of arbitration**

An arbitrator's determination that one partner was entitled to management fees paid to the partnership for the management of two shopping centers came within the scope of the controversy submitted to arbitration as to the manner of dissolution of the partnership.

**4. Arbitration and Award § 7— mistake of law by arbitrator—conclusiveness of arbitrator's decision**

   Even if an arbitrator made a mistake of law in failing to reduce by one-half an amount awarded to one partner in the dissolution of a partnership as full settlement of expenses charged to the partnership by the second partner, the courts have no power to correct such mistake.

**5. Arbitration and Award § 7— application of inflation factor to award**

   An arbitrator could properly apply an inflation factor based upon the average increase in the Consumer Price Index for the pertinent period to an amount awarded to one partner upon dissolution of the partnership.

APPEAL by petitioner from *Herring, Judge.* Judgment entered 17 July 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 2 September 1982.

Petitioner Peter A. Ziman (hereinafter Ziman) appealed from the judgment of the Wake County Superior Court affirming an arbitration award. The arbitration involved dissolution of a partnership, Cozi Investments, Ltd. (hereinafter Cozi), formed by Ziman and respondent Floyd E. Cohoon, Jr. (hereinafter Cohoon) as sole and equal partners. According to the partnership agreement, Cozi was to be involved "in the general real estate business, including, but not limited to development and purchase of real estate and sales and rentals." The agreement provided for arbitration of "[a]ny dispute or misunderstanding arising out of or in connection with this agreement or the interpretation or meaning of any part thereof. . . ." Cozi was engaged in the development of strip shopping centers in North and South Carolina, and during 1979 and 1980 the partners were also involved in the development and management of two Wake County shopping centers, Tryon Hills and Holly Park.

On 27 August 1980 Cohoon sent Ziman a letter by registered mail requesting arbitration on the dissolution of Cozi. Ziman responded that he was agreeable to arbitration. Thereafter the partners met with an arbitrator mutually acceptable to both men. After considering the evidence and arguments of the partners, the arbitrator made the following rulings and awards: that Ziman owed Cohoon $33,797.75 as full settlement of expenses charged to Cozi by Ziman; that Ziman owed Cohoon $5,500 on the sale of Eden I Shopping Center; that Cohoon was entitled to Ziman's share of the management fees paid to Cozi for the daily manage-

ment of Tryon Hills and Holly Park Shopping Centers and that an inflation factor of 102.7% should be applied to all monies owed to Cohoon.

On 30 December 1980 Ziman filed a motion in Wake County Superior Court to confirm, vacate, modify and correct the award. He alleged that pursuant to G.S. 1-567.14 of North Carolina's Uniform Arbitration Act the award of expenses charged to Cozi and of the proceeds from the sale of Eden I, should be reduced by one-half to reflect the equal status of the partners. Ziman also moved that the award of the management fees be vacated, and alleged that the Tryon Hills and Holly Park Shopping Centers were not controlled by Cozi. Finally, Ziman moved to reduce the inflation factor by one-half assuming that the amounts owed to Cohoon accrued evenly over the period from December 1971 to July 1980. Cohoon responded that no basis existed for correcting or vacating the award.

At the hearing on Ziman's motion held before Judge Herring, both parties testified. After considering their testimony and exhibits, Judge Herring confirmed the arbitration award and ordered Ziman to pay Cohoon the sum of $113,672.56 together with interest at the rate of 10% per annum from and after 1 January 1981 through the date of the judgment.

Petitioner Ziman appealed.

*Hunter, Wharton & Howell, by John V. Hunter III, for petitioner-appellant.*

*Poyner, Geraghty, Hartsfield & Townsend, by Lacy H. Reaves and Maria M. Lynch for respondent-appellee.*

HEDRICK, Judge.

[1] By Assignment of Error Nos. 1 and 2, Ziman raises issues regarding enforceability of the partnership agreement's arbitration clause and application of the Federal Arbitration Act. Judge Herring concluded in his judgment:

(3) The Partnership Agreement is "a contract evidencing a transaction involving commerce" within the meaning of § 2 of the Federal Arbitration Act, 9 U.S.C. §§ 1-14 (1976), and the provisions therein with respect to arbitration are valid and enforceable.

Ziman contends that under a recent decision by our Supreme Court, *Board of Education v. Shaver Partnership*, 303 N.C. 408, 279 S.E. 2d 816 (1981), the partnership agreement would not be covered by the Federal Arbitration Act. In *Shaver*, the Court determined that a contract between the Burke County Board of Education and a multi-state architectural firm to design two school buildings was "a contract evidencing a transaction involving commerce." The Court adopted the following approach:

> The significant question, therefore [in determining whether a contract evidences a transaction involving commerce], is not whether, in carrying out the terms of the contract, the parties *did* cross state lines, but whether, at the time they entered into it and accepted the arbitration clause, they *contemplated* substantial interstate activity. Cogent evidence regarding their state of mind at the time would be the terms of the contract, and if it, on its face, evidences interstate traffic . . . the contract should come within § 2. In addition, evidence as to how the parties expected the contract to be performed and how it was performed is relevant to whether substantial interstate activity was contemplated. (Emphasis in original.)

*Id.* at 417-18, 279 S.E. 2d at 822 (quoting Judge Lumbard's concurring opinion in *Metro Industrial Painting Corp. v. Terminal Construction Co.*, 287 F. 2d 382 (2d Cir. 1961), *cert. denied* 368 U.S. 817 (1961)). Ziman contends that the record on appeal and the partnership agreement reveal no evidence that substantial interstate activity was contemplated. We do not agree.

The partnership agreement showed on its face that Ziman was a resident of South Carolina and Cohoon was a resident of North Carolina. The agreement was executed in South Carolina and all funds of Cozi were to be deposited in North Carolina banks. The principal office of Cozi was to be in North Carolina and the partnership was formed as a general real estate business and had real estate dealings in both North and South Carolina. The partners traveled outside their home states on partnership business and Cozi also employed a North Carolina general contractor to build one of its South Carolina shopping centers. Therefore, the evidence was sufficient to support the conclusion that interstate activity had been contemplated by the parties.

Ziman further contends that even if the Federal Arbitration Act is applicable, it was not properly invoked by Cohoon in the Court below. We disagree. Cohoon's failure to raise the application of the Federal Arbitration Act in his response does not preclude application of the Act. Pursuant to Rule 7 of the North Carolina Rules of Civil Procedure, a response to a motion is not a required pleading. Moreover, Rule 12(b) provides: "If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief." Accordingly, the Act was properly applied.

[2]  Ziman's final argument under his first two Assignments of Error is that any agreement of the partners to arbitrate was based upon the exchange of correspondence between the partners and not upon the arbitration clause in the partnership agreement, and he contends Cohoon's letter requesting arbitration was too vague to invoke the partnership agreement's arbitration clause. However, Article 14 of the partnership agreement clearly states:

> Any dispute or misunderstanding arising out of or in connection with this agreement or the interpretation or meaning of any part thereof shall be arbitrated by the parties before some arbitrator mutually acceptable to both parties. Written request for arbitration must be made, said request being dated and mailed by registered mail, to the other partner, addressed to his last known place of residence. . . . The award of the mutually agreed upon arbitrator . . . shall be final and binding upon both parties, and judgment may be entered thereon in any court having jurisdiction.

On 27 August 1980 Cohoon invoked this clause by sending the following letter by registered mail to Ziman:

> Dear Peter:
>
> Because of our past relationship, when I asked to disolve [sic] Cozi Investments in January, I anticipated only abundant cooperation.
>
> It is therefore with some reluctance that I have to revert to that portion of our partnership agreement that requires registered notice and request for arbitration.

Please accept this as formal notice that I wish to go to arbitration as provided for in Article 14 of our partnership agreement. I suggest that we use either Mr. Richard Krewson or Mr. Frank Plaxco to arbitrate this to a conclusion.

Best personal regards.

Sincerely,

s/ F. E. Cohoon, Jr.

Ziman responded by his letter of September 30, 1980:

Dear Floyd:

I am agreeable to submit to arbitration the controversy existing between us, with respect to Cozi Investments Limited, as to the amounts, if any, I owe to you upon dissolution of the partnership with respect to your assertion that I owe certain amounts to the partnership because of overdraws on my behalf and in order to equalize our drawing accounts. I am willing to accept as arbitrator Mr. Richard Krewson, one of the arbitrators you previously proposed in your letter to me. If arbitration of these questions by Mr. Krewson is agreeable to you, please write me to that effect and we can proceed.

Cordially,

s/ Peter A. Ziman

Since Article 2 of the partnership agreement describes the manner for dissolution, the dispute between the partners was one "arising out of or in connection" with the agreement and subject to arbitration. Therefore, we hold Cohoon's letter properly invoked the arbitration clause.

[3] By Assignment of Error No. 3 Ziman argues that the trial court erred in confirming that part of the arbitration award which entitled Cohoon to management fees for his services in managing the Tryon Hills and Holly Park Shopping Centers during 1979 and 1980. He argues that this award exceeded the scope of the controversy submitted to arbitration, because the two shopping centers were controlled by partnerships separate from Cozi. However, the evidence indicates that Cohoon and Ziman were general partners in the limited partnerships known as Holly Park

Associates and Tryon Hills Associates; that during 1979 and 1980 the management of Holly Park and Tryon Hills Shopping Centers was part of the business of Cozi; that Cohoon alone managed the two shopping centers and that checks from the limited partnerships, which included payment of management services, were issued to Cozi and deposited in Cozi's bank account. The management fees therefore became assets of Cozi, and the arbitrator properly determined the distribution of Cozi's assets which was clearly within the scope of his powers as arbitrator. *See Federal Commerce & Nav. Co. v. Kanematsu-Gosho, Ltd.*, 457 F. 2d 387 (2nd Cir. 1972).

[4]  Assignment of Error No. 4 involves the trial court's failure to reduce the amount awarded to Cohoon by one-half. In his award, the arbitrator found that only Ziman was reimbursed for out-of-pocket expenses incurred while conducting partnership business and that Ziman owed the partnership $42,247.19 (the amount withdrawn by Ziman for out-of-pocket expenses). The arbitrator also found that Ziman had been inconvenienced on partnership business by having to spend more nights away from home than Cohoon and reduced the $42,247.19 award by twenty percent to $33,797.75. Ziman now argues that the arbitrator was initially correct in ruling that he owed $42,247.19 to the partnership, but he contends that the arbitrator's ruling reducing the amount by twenty percent and awarding $33,797.75 to Cohoon "is obviously an inadvertence and a mistake of law which should be corrected both under the Uniform Arbitration Act and general principles of arbitration jurisprudence." Ziman argues that since he and Cohoon were equal partners the amount awarded to Cohoon should be reduced by one-half. We find this argument pointless.

Even if the arbitrator had made a mistake of law, "[i]t is a truism that an arbitration award will not be vacated for a mistaken interpretation of law." (Citations omitted.) *Sobel v. Hertz, Warner & Co.*, 469 F. 2d 1211, 1214 (2nd Cir. 1972). The North Carolina Supreme Court, *quoting Patton v. Garrett*, 116 N.C. 848, 21 S.E. 679 (1895), has also adopted this rule of law:

> "* * * If an arbitrator makes a mistake, either as to law or fact, it is a misfortune of the party, and there is no help for it. There is no right of appeal, and the court has no power to revise the decisions of 'judges who are of the parties' own choosing.' "

In re Cohoon

*Poe & Sons, Inc. v. University*, 248 N.C. 617, 625, 104 S.E. 2d 189, 195 (1958).

[5]   Ziman next assigns error to the application of an inflation factor to the entire award. The arbitrator ruled that all monies owed to Cohoon be adjusted to compensate for inflation by multiplying the amount owed to Cohoon by the average inflation figure of the Labor Department Statistics for the period December, 1971 to July, 1980. In affirming the arbitrator's award, the trial court applied an inflation factor stipulated by the parties to be the average increase in the Consumer Price Index as determined by the Department of Labor for the pertinent period. Ziman now argues that it was "dubious" as to whether the arbitrator had the power to apply an inflation factor, but he cites no authority to support his contention. We find no merit to this assignment of error.

Ziman's final assignment of error concerns alleged error in the court's calculation of the amount awarded to Cohoon. He contends that the court "went beyond the face of the award, made mathematical errors and exceeded its power." Our examination of the record, however, reveals no evidence of a material miscalculation of figures. We find no basis for this assignment of error.

After considering all of Ziman's assignments of error on appeal, we find that Ziman and Cohoon agreed to submit their disputes to binding arbitration. Ziman presents no evidence of fraud, miscalculation or other error compelling a modification of the arbitration award. Therefore, we affirm the trial court's judgment which affirmed the arbitrator's decision.

Affirmed.

Judges ARNOLD and WELLS concur.