IN THE MATTER OF THE ARBITRATION BETWEEN THE STATE OF NORTH CAROLINA AND DAVIDSON & JONES CONSTRUCTION COMPANY AND GIFFORD-HILL & COMPANY, INC. AND HAKEN/CORLEY & ASSOCIATES, INC.

No. 8310SC1109

(Filed 28 December 1984)

1. Arbitration and Award § 9— order vacating arbitration award—motion to confirm rendered moot—no right of appeal

The granting of a motion to vacate an arbitration award renders moot a motion to confirm the award. Thus, the trial court's original order vacating an arbitration award and granting a rehearing rendered moot an amended order including a specific denial of a motion to confirm so that the amended order did not give the parties a right to appeal. G.S. 1-567.12, .13(d), .14(b)(c), and .18(5).

2. **Arbitration and Award § 9— articles by a witness furnished to arbitrators—no misconduct**

Arbitrators were not guilty of misconduct and their decision was not based upon *ex parte* evidence where one party furnished to the arbitrators copies of articles written by such party's witness pursuant to a request made by one arbitrator at a hearing attended by all the parties.

APPEAL by the State of North Carolina, Davidson & Jones Construction Company, and Gifford-Hill Company, Inc. from *Bailey, Judge.* Order entered 15 April 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 19 September 1984.

*Young, Moore, Henderson & Alvis, P.A., by Joseph C. Moore, Jr. and Joseph C. Moore, III, for appellee.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Grayson G. Kelley, for the State.*

*Griffin, Cochrane & Marshall, A Professional Corporation, by Luther P. Cochrane and Jennifer L. Wheatley, for appellant.*

*Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr., for the appellant.*

JOHNSON, Judge.

This appeal arises out of an arbitration proceeding entered into by all the parties concerning the extent of, and responsibility for, certain remedial construction work on a parking deck on the campus of the University of North Carolina at Chapel Hill. On 30 April 1973, the State of North Carolina entered into an agreement with Hakan/Corley & Associates, Inc. (hereinafter Hakan/Corley) whereby Hakan/Corley agreed to design, prepare plans and specifications and to provide construction service for a 500-car parking facility at a proposal budget cost of $1,250,000.00. On 24 May 1974, a contract for construction of the parking facility was awarded to Davidson & Jones Construction Company (hereinafter Davidson & Jones). By an agreement entered into on 8 August 1974, Davidson & Jones entered into a subcontract with Gifford-Hill & Company, Inc. (hereinafter Gifford-Hill).

Construction of the project was started during the summer of 1974. Shortly thereafter, structural problems were encountered during the erection process, which caused Hakan/Corley to employ Mr. Charles Raths of the firm of Raths, Raths & Johnson,

Inc., of Chicago, Illinois to inspect the deck. Mr. Raths, a nationally known expert in the area of pre-stressed concrete, made certain general recommendations which he felt were necessary to correct the problems being encountered. On 27 November 1974, Hakan/Corley submitted to Davidson & Jones and Gifford-Hill drawings for modifications, whereupon Davidson & Jones submitted a change order requesting an increase of $9,448.49. The change order was thereafter approved by Hakan/Corley and the State. The deck was substantially completed in June 1975. Hakan/Corley, during a routine inspection of the deck, noted cracks in various columns which supported the deck. Again in May or June 1979, Raths was hired to investigate the problem. On 12 August 1980, at a meeting between the State, Hakan/Corley and Davidson & Jones, a decision was made to instruct Raths to proceed with the actual design details for the deck repairs. Raths, in an agreement with the State, was required to supervise the repair to be performed by Kimley-Horn, a subcontractor hired by Raths.

On 31 March 1981, the parties entered into an Agreement to Arbitrate to determine the issues of liability and apportionment of costs for repairs. The parties agreed to arbitrate in accordance with the Rules of the American Arbitration Association entitled, "Construction Industry Arbitration Rules" and to the extent that the issues submitted were not covered therein, the Uniform Arbitration Act as codified in G.S. 1-567.1, *et seq.* would govern. The issues were submitted to three neutral arbitrators, approved by the parties, and extensive hearings were held. During the hearings, one of the arbitrators requested the State to furnish certain articles written and published by the State's principal witness, Charles Raths. These articles were furnished by the State to the arbitrators before the next scheduled hearing as requested by the arbitrators before all the parties, so they would have an opportunity to review them. Prior to an award being rendered, one of the three arbitrators resigned, leaving the remaining two arbitrators as empowered under sec. 20 of the Rules of Arbitration to render an award unless objected to by the parties. No objection was filed by any party.

The award by the remaining two arbitrators was rendered on 3 November 1982, accompanied by a letter explaining their reasons for the award. The letter was stated to be unofficial and not

a part of the award. The State filed a motion to confirm the award. Shortly thereafter, Hakan/Corley filed a motion to vacate the award and to deny the State's motion for confirmation, citing the arbitrators' reliance on the Raths' article as the reason. The trial judge vacated the award on the basis that the arbitrators' consideration of the Raths' article constituted *ex parte* evidence which was prejudicial to Hakan/Corley.

[1]   The first question posed by this appeal is whether it should be dismissed as premature. G.S. 1-567.18 delineates the specific instances in which an appeal may be taken from an arbitration order. It is clear that G.S. 1-567.18(5) allows an appeal where "an order vacating an award without directing a rehearing" is rendered. It is clear from this language that the legislature did not intend for an appeal to lie from an arbitration order which vacates an award, but directs a rehearing. The trial court, in its original order, vacated the arbitration award and granted a rehearing before new arbitrators. The court further stated in its original order that the granting of the motion to vacate rendered the motion to confirm moot and the court would not reach consideration of it. After a motion to reconsider, the trial court amended its order to include a specific denial of the motion to confirm, which the appellants assert gives them the right of appeal. The appellee asserts that the trial court's original ruling (vacating the arbitration award and granting a rehearing) renders the amended order moot, thus not providing an avenue for an appeal at this stage of the proceeding.

The determination of this issue lies in the language of construction of the following statutes: G.S. 1-567.12 and G.S. 1-567.13, which speak to the question of confirming and vacating an arbitration award. G.S. 1-567.12, confirmation of an award, provides:

Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in G.S. 1-567.13 and 1-567.14.

Upon referring to G.S. 1-567.13, the statute gives the grounds for vacating an arbitration award and only in subsection (d) can one find a reference to confirmation of an award. Subsection (d) states, "[i]f the application to vacate is denied and no motion to

modify or correct the award is pending, the court shall confirm the award." From this language and our reasoning, we conclude that if a motion to vacate is granted, the determination of a motion to confirm an award is rendered moot. Additional support for this conclusion can be found in G.S. 1-567.14(b) and (c), the only remaining statute that makes reference to the affirmation of an arbitration award. In subsection (b), the legislature gave the trial court the authority to modify and correct an award, then confirm the award; or in the alternative to only confirm the award. In subsection (c), authority was given the trial court to join an application to modify or correct an award with an application to vacate an award. There is no mention in the statutes of joining an application to vacate with an application to confirm. The vacating of an arbitration award does not deny a motion to confirm, but renders the consideration of an application to confirm moot. Therefore, the trial court's original order to vacate the award and not reach the determination of the motion to confirm was correct.

This appeal should be dismissed. Nevertheless, in our discretion we shall review the holding of the trial court, pursuant to Rule 21 of the Rules of Appellate Procedure.

[2]  The primary issue confronting this Court is whether the arbitrators were guilty of misconduct and of exceeding their power by receiving and considering evidence that influenced their decision, which was not properly before them. It has been established in this jurisdiction that *ex parte* acts by arbitrators constitute misconduct. *Fashion Exhibitors v. Gunter*, 291 N.C. 208, 230 S.E. 2d 380 (1976). The question thus becomes whether the evidence received by the arbitrators was *ex parte* evidence. The Court in *Gunter* espoused the view now accepted in this jurisdiction, "[t]he obligation of arbitrators . . . is to act fairly and impartially and to determine the cause upon the evidence adduced before them at the hearing. They have no right to consider facts excepting as submitted in the evidence at the hearings and it is misconduct for them to seek outside evidence by independent investigation. An arbitrator acts in a quasi-judicial capacity and must render a faithful, honest and disinterested opinion upon the testimony submitted to him." (Citation omitted.) *Id.* An act of an arbitrator in gathering evidence outside the scheduled hearing and without notice to the parties would be a violation of the Act [North

Carolina Uniform Arbitration Act] and hence of the arbitration agreement.

The trial court, in its findings of fact, found that the arbitrators at a hearing attended by all the parties requested the State to provide them with copies of several articles written by Charles Raths in 1971, one of the witnesses who had been called by the State to testify. It further found that some or all of the articles so requested by the arbitrators were thereafter furnished to them by the State. From these findings of fact, the trial court concluded that the arbitrators' acts constituted misconduct. The trial court's findings of fact supported by competent evidence are conclusive on appeal, the trial court's conclusions drawn from the findings are subject to review. 1 Strong's N.C. Index 3d, Appeal and Error, sec. 57.3, p. 345.

The request for the articles written by Raths was made before all the parties, thus giving them notice of the arbitrators' desire to receive this evidence. The arbitrators did not receive this evidence as a result of their own independent investigation. Based upon the previous cited principles, we conclude that the trial court's conclusion that the arbitrators' acts constituted misconduct was error. We hold that the trial court's findings of fact, which are based upon competent evidence, reveal that the evidence relied upon by the arbitrators was not *ex parte* evidence, therefore they were not guilty of misconduct.

Even though we have found the evidence received by the arbitrators was not *ex parte* evidence, there still must be a determination of whether the evidence was improperly received. It has been a long standing rule that arbitrators are not bound by strict rules of evidence. In *Crutchley v. Crutchley*, 306 N.C. 518, 293 S.E. 2d 793 (1982), our Supreme Court reiterated this point.

Intertwined with this [disadvantage of limited appellate review] is the disadvantage that the arbitrator is bound by neither substantive law nor rules of evidence . . . A mistake committed by an arbitrator is not of itself sufficient ground to set aside the award. If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no right of appeal, and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to

settle the matter in controversy and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus the object of references would be defeated and arbitration instead of ending would tend to increase litigation. (Citation omitted.)

The arbitrator requested the article by Charles Raths at the hearing attended by all parties and also at that hearing requested that the material be produced before the next meeting. Although we do not believe that this is the best or preferred manner for an arbitrator to receive evidence, we hold that it is not enough to vacate the arbitration award. It is a truism that an arbitration award will not be vacated for a mistaken interpretation of law. *In re Cohoon*, 60 N.C. App. 226, 298 S.E. 2d 729, *disc. rev. denied*, 307 N.C. 697, 301 S.E. 2d 388 (1983).

In light of our decision that the evidence was properly received, we find it unnecessary to decide whether Hakan/Corley & Associates, Inc. waived its right to object to the decision of the arbitrators to review the articles of Charles Raths.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded with instructions to reinstate the award.

Reversed and remanded.

Chief Judge VAUGHN and Judge WHICHARD concur.