REBEKAH CHANTAY REVELS, PLAINTIFF v. MISS NORTH CAROLINA PAGEANT ORGANIZATION, INC., DEFENDANT, REBEKAH CHANTAY REVELS, PLAINTIFF v. MISS AMERICA ORGANIZATION, MISS NORTH CAROLINA PAGEANT ORGANIZATION, INC., ALAN CLOUSE, BILLY DUNCAN, CHARLENE HAY, DOUG HUFF, TOM ROBERTS, DAVID CLEGG, BEVERLY ADAMS, AND CANDACE RUSSELL, DEFENDANTS

No. COA05-618

(Filed 21 March 2006)

**1. Arbitration and Mediation— motion to compel—unconscionability—inequality of bargaining power—cost**

The trial court did not err by granting defendants' motion to compel arbitration in an action arising out of a Miss North Carolina contract, because: (1) plaintiff assented to all terms of the pertinent contract including the arbitration clause where plaintiff's signature appears at the end of the contract on the signature line, and plaintiff placed her initials on each page of the contract including the one containing the arbitration clause; (2)

REVELS v. MISS N.C. PAGEANT ORG., INC.

[176 N.C. App. 730 (2006)]

although plaintiff argues the inequality of bargaining power deprived her of a meaningful choice, she freely and willingly decided to enter the Miss North Carolina Pageant in which each contestant was required to sign this agreement; (3) the public policy of North Carolina strongly favors the settlement of disputes by arbitration and requires the courts to resolve any doubts concerning the scope of arbitrable issues in favor of arbitration; and (4) although plaintiff contends the cost of arbitration was so expensive as to effectively deny her a forum, plaintiff did participate in the arbitration and was not denied a forum.

2. **Arbitration and Mediation— discoverable materials—discretion of arbitrator—photographs**

The trial court did not err by confirming the arbitrator's award even though plaintiff contends the arbitrator improperly compelled disclosure of photographs taken of her which prompted the suit, because: (1) as a general rule an arbitration award is presumed valid and the party seeking to vacate it must shoulder the burden of proving the grounds for attacking its validity; (2) the decision of the arbitrator to determine that certain materials were discoverable was within his broad discretion and therefore not appealable; and (3) it would be contrary to the process of conducting a meaningful arbitration were the parties to decide what was discoverable.

Appeal by plaintiff from orders entered 8 October 2002, 24 February 2003, 7 April 2003 and 28 October 2004 by Judge Narley L. Cashwell in Wake County Superior Court and judgment entered 14 May 2004 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 7 February 2006.

*Barry Nakell for plaintiff appellant.*

*Edwards, Ballard, Clark, Barrett and Carlson, P.A., by Kenneth P. Carlson, Jr.; Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by C. Matthew Keen and Debra L. Dewar; and Brown Crump Vanore & Tierney, L.L.P., by Andrew A. Vanore, III and Michael E. McDaniel, for defendant appellees.*

McCULLOUGH, Judge.

Plaintiff appeals from orders compelling arbitration, confirming the arbitrator's award and denying a request for new hearing and motion for relief from order.

FACTS

On 15 June 2002 Rebekah Revels ("Revels") entered into a contract with Miss North Carolina Pageant Organization, Inc. ("MNCPO") pursuant to entering and winning the Miss North Carolina Pageant. The contract provided that Revels had not "done any act or engaged in any activity which could be characterized as dishonest, immoral, immodest, indecent, or in bad taste." A subsequent clause stated if any of the representations proved false, the contract would be terminated and Revels would forfeit her rights as Miss North Carolina. The contract further contained a clause in Section 9, labeled "RIGHT TO ARBITRATION" which stated that, "Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration in Raleigh, North Carolina, in accordance with the Rules of the American Arbitration Association." The clause further stated that the arbitration clause would in no way affect the rights of MNCPO to seek injunctive relief in the event of breach or threatened breach.

Around 19 July 2002 MNCPO became aware of alleged nude photographs of Revels by communication with an ex-boyfriend which led to the resignation of Revels on 23 July 2002. On 29 August 2002, Revels filed a complaint against MNCPO for specific performance, injunction, and damages for breach of contract arising out of the Miss North Carolina contract between the two parties. On 5 September 2002, the lower court issued a preliminary injunction ordering MNCPO to withdraw its termination of the contract between the two parties and to honor its obligations under the contract pending trial. On 30 August 2002 MNCPO filed a motion to compel arbitration which was granted by the lower court and further ordered that all matters in the case be stayed until an arbitration award had been issued.

Revels also filed a complaint against Miss America Organization ("MAO") in September 2002. The complaint was subsequently amended to add MNCPO and eight individual officials. These organizations and individuals also filed motions to compel arbitration which were granted by the lower court.

All parties mutually agreed to the Honorable G. Conley Ingram as the arbitrator for the matter. During the course of the arbitration, the arbitrator determined that the photos taken of Revels were discoverable and must be made available to the opposing parties for use in deposing Revels. It was further stated that the photos were not to be

furnished for public view and counsel was not permitted to comment on the photos outside of the arbitration. The arbitrator additionally noted that "[e]very effort shall be made to protect the privacy of the Claimant consistent with the use of the pictures in this arbitration." The arbitrator informed Revels that if she failed to comply with this direction of the arbitrator, then that decision would be construed as a deliberate decision by her and her counsel to dismiss arbitration. After repeated refusals by Revels to comply with the order of the arbitrator, the arbitrator found that "in view of the contumacious conduct of Claimant's counsel by repeatedly and consistently disobeying multiple directions from the arbitrator to engage in discovery and preparation for the scheduled hearing in this case, the Claimant's case must be, and it is hereby, dismissed."

After the issuance of the order dismissing Revels' case, cross motions to confirm and vacate arbitration were filed by the parties. The lower court granted the motion to confirm the arbitration award dismissing Revels' case.

Revels appeals.

## ANALYSIS

### I

**[1]** Revels contends on appeal that the trial court erred in granting the motions to compel arbitration where the agreement to arbitrate was unconscionable and so expensive as to effectively deny her a forum. We disagree.

This Court conducts a *de novo* review in determining whether a particular dispute is subject to arbitration. *Raspet v. Buck*, 147 N.C. App. 133, 136, 554 S.E.2d 676, 678 (2001). In making this determination, this Court must look to "(1) the validity of the contract to arbitrate and (2) whether the subject matter of the arbitration agreement covers the matter in dispute." *Ragan v. Wheat First Sec., Inc.*, 138 N.C. App. 453, 455, 531 S.E.2d 874, 876, *disc. review denied*, 353 N.C. 268, 546 S.E.2d 129 (2000).

We first address Revels' contention that the arbitration clause is unenforceable on the ground of unconscionability. Revels only argues on appeal that the first prong of the test to determine whether the dispute is subject to arbitration was not met and therefore this Court will not address the second prong of the test. It is well established that a valid contract arises only where there is assent between the

parties, amounting to a meeting of the minds. *See Walker v. Goodson Farms, Inc.*, 90 N.C. App. 478, 486, 369 S.E.2d 122, 126, *disc. review denied*, 323 N.C. 370, 373 S.E.2d 556 (1988), *Sciolino v. TD Waterhouse Investor Servs., Inc.*, 149 N.C. App. 642, 645-46, 562 S.E.2d 64, 66, *disc. review denied*, 356 N.C. 167, 568 S.E.2d 611 (2002). There must be a mutual agreement to all terms for there to be a valid and enforceable contract. *Id.* " 'If a question arises concerning a party's assent to a written instrument, the court must first examine the written instrument to ascertain the intention of the parties.' " *Id.* (citation omitted).

Revels relies on this Court's holdings in *Sciolino* and *Routh v. Snap-On Tools Corp.*, 108 N.C. App. 268, 423 S.E.2d 791 (1992); however, the facts of these cases stand in stark contrast to the facts of the instant case. In *Sciolino*, the plaintiffs signed an application in which they agreed to be bound by the terms of the customer agreement; however, there was no customer agreement attached to the application. The defendants presented two customer agreements at trial which contained arbitration clauses and argued that, because plaintiffs agreed to be bound by the terms of this agreement, they were therefore bound. The customer agreements did not bear plaintiffs' signatures, plaintiffs' initials, plaintiffs' account number, or any indication that the plaintiffs had ever seen the document. This Court found that there was no evidence of assent and therefore no valid agreement to arbitrate.

In *Routh*, the plaintiff signed a termination agreement which contained an additional term not included in the standard termination agreement in which he agreed to repay the defendant $1000 per month. However, the plaintiff's signature appeared directly below the additional language rather than on the signature line. This Court determined that these facts created an ambiguity as to which terms the plaintiff was assenting at the time of contracting and further determined based on extrinsic evidence that the plaintiff did not assent to the arbitration clause.

In the instant case, it is clear that Revels assented to all terms of the contract including the arbitration clause. Revels' signature appears at the end of the contract on the signature line and, further, Revels placed her initials on each page of the contract, including the one containing the arbitration clause. No ambiguity exists as to whether there was assent to each of the terms.

REVELS v. MISS N.C. PAGEANT ORG., INC.

[176 N.C. App. 730 (2006)]

Revels further argues that the arbitration clause was unenforceable where the inequality of bargaining power deprived her of a meaningful choice. However, Revels freely and willingly decided to enter the Miss North Carolina Pageant in which each contestant was required to sign this agreement. Where Revels could enter other pageants or choose to not enter a pageant at all, we find that this contention lacks merit.

We also note that the public policy of North Carolina strongly favors the settlement of disputes by arbitration and requires that the courts resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992). Where there is no evidence of lack of a valid agreement to arbitrate, it was proper for the lower court to grant the motion to compel arbitration.

Finally, Revels contends that the trial court erred in granting the motion to compel arbitration where the cost of arbitration was so expensive as to effectively deny her a forum. We hold that where Revels did participate in the arbitration and was not denied a forum, this contention also lacks merit. Therefore, this assignment of error is overruled.

## II

[2] Next we address Revels' argument that the trial court erred by granting the motion to confirm the arbitrator's award where the arbitration was conducted in a manner prejudicial to her, the award was procured by undue means, and there was evident partiality and misconduct by the arbitrator. This contention lacks merit.

The gravamen of Revels' contention is that she disagreed with the decision of the arbitrator to compel disclosure of photographs taken of her which prompted the suit. "[A]s a general rule an arbitration award is presumed valid and the party seeking to vacate it must shoulder the burden of proving the grounds for attacking its validity." *Pinnacle Group, Inc. v. Shrader*, 105 N.C. App. 168, 171, 412 S.E.2d 117, 120 (1992). A court's review of an arbitration award is limited and does not permit review based on a contention of mistake of law. *Sholar Bus. Assocs. v. Davis*, 138 N.C. App. 298, 302, 531 S.E.2d 236, 239 (2000).

The decision of the arbitrator to determine that certain materials were discoverable was within his broad discretion and therefore not appealable. *See Pinnacle Group, Inc.*, 105 N.C. App. at 172, 412

**KOCH v. BELL, LEWIS & ASSOCS., INC.**

[176 N.C. App. 736 (2006)]

S.E.2d at 121 (Arbitrations are not governed by the rules of evidence and further the determination of what materials are discoverable is within the discretion of the arbitrators.). It would be contrary to the process of conducting a meaningful arbitration were the parties to decide what was discoverable. Therefore, this assignment of error is overruled.

Accordingly, the trial court did not err in granting the motion to compel arbitration nor did the trial court err in confirming the arbitrator's award. Based on the foregoing reasons, the trial court's decisions are

Affirmed.

Judges ELMORE and LEVINSON concur.