BOBBY RAY EDWARDS AND WIFE, LAURA EDWARDS, PLAINTIFFS v. WAYNE TAYLOR AND WIFE, WENDY TAYLOR; BOBBY GENE SMITH, INDIVIDUAL; AND, THE HOME INSPECTOR, INC., A NORTH CAROLINA CORPORATION, DEFENDANTS

No. COA06-883

(Filed 17 April 2007)

**1. Appeal and Error— appealability—denial of motion to compel arbitration—substantial right**

Although defendant's appeal in a fraud and negligence case from the trial court's order denying defendant's motion to compel arbitration is an appeal from an interlocutory order, it is immediately appealable because the right to arbitrate a claim affects a substantial right which may be lost if review is delayed.

**2. Arbitration and Mediation— home inspection—oral agreement—subsequent written arbitration agreement—unenforceability**

The parties did not have an enforceable agreement to arbitrate where they entered into an oral agreement for defendant to perform a home inspection and for plaintiffs to pay $288 for the inspection; defendant performed the inspection and gave plaintiffs a home inspection report, plaintiffs paid the $288, and defendant then presented for plaintiffs' signature a written home inspection contract containing an arbitration agreement; plaintiffs and defendant signed the written contract; and there was no evidence that the arbitration agreement had previously been discussed by the parties. Defendant performed the home inspection on the basis of an oral contract, and at the time the contract was entered, former N.C.G.S. § 1-567.2 required that all agreements to arbitrate be in writing.

**3. Judgments— written order captured oral order— unconscionability**

The trial court's written order in a fraud and negligence case did not fail to adequately capture the oral order discussed in open court concerning the unconscionability of the arbitration and limited liability clauses because the language the trial court used, particularly stating that the arbitration agreement had never been discussed, addressed the unconscionability of the contract.

Appeal by defendants from judgment entered 6 March 2006 by Judge D. Jack Hooks in Sampson County Superior Court. Heard in the Court of Appeals 21 February 2007.

*Daughtry, Woodard, Lawrence & Starling, by K. Alice Morrison, for plaintiff-appellees.*

*Andrew M. Jackson for defendant-appellants.*

BRYANT, Judge.

Bobby Gene Smith and The Home Inspector, Inc., a North Carolina corporation, (defendants collectively) appeal from a judgment entered 6 March 2006 denying defendants' motion to compel arbitration with Bobby Ray Edwards and Laura Edwards (plaintiffs collectively).

Defendant Smith is the sole shareholder, sole director, and president of The Home Inspector, Inc. In late November 2003, plaintiffs contracted to purchase a house from Wayne and Wendy Taylor. Plaintiffs contacted defendants by telephone to arrange a pre-purchase home inspection. Plaintiffs and defendants entered into an oral agreement in which defendants agreed to perform the home inspection and plaintiffs agreed to pay $288 for the inspection. Defendants performed the home inspection on 16 December 2003. After performing the home inspection, defendants met plaintiff Bobby Ray Edwards in a shopping center parking lot one evening and defendants tendered the home inspection report to plaintiffs and in exchange, plaintiffs paid defendants $288 as payment in full of the home inspection fee. Also, at that meeting, defendants presented plaintiffs with a home inspection contract for plaintiffs' signature.

The home inspection contract, presented to plaintiffs for their signature after paying defendants and receiving their home inspection report contained the following agreement:

ARBITRATION: Should the client believe that The Home Inspector, Inc.[] be liable for any issues arising out of this inspection, then client(s) shall communicate said issues in writing to The Home Inspector, Inc.[] within ten (10) days of the date of inspection. If the issues cannot be resolved between the parties, both parties agree to submit the dispute to binding arbitration in accordance with the rules of the American Arbitration Association. Arbitration is to be conducted by an arbitrator who is a full-time building inspector with a minimum of six (6) years experience as a building inspector. The inspection will be judged in accordance with the North Carolina Standards of Practice and Code of Ethics.

Plaintiffs and defendant Smith both signed the written contract containing the above agreement to arbitrate. There is no evidence the arbitration agreement had been previously discussed between the parties. Plaintiffs closed on the house 14 January 2004 and moved in the next day. Plaintiffs called defendants on 3 March 2004 complaining about a multitude of defects with the home, which resulted in the filing of this action.

By order entered 28 December 2005, partial summary judgment was granted in favor of defendants as to the claims of civil conspiracy and violations of the Unfair and Deceptive Trade Practices Act; however, plaintiffs' causes of action for fraud and negligence remained. Defendants then filed a motion seeking to compel arbitration pursuant to the agreement. After hearing the matter, the trial court denied the motion in open court on 8 February 2006 and entered a written order on 6 March 2006. Defendants appeal. For the reasons which follow, we affirm the judgment of the trial court.

---

Defendants argue the trial court erred by: (I) denying their motion to compel arbitration; (II) finding the home inspection contract was not supported by consideration; and (III) entering its written order.

[1] At the outset, we note the trial court's order denying defendants' motion to compel arbitration is interlocutory; however, it is immediately appealable because it affects a substantial right of defendants, as stated in N.C. Gen. Stat. § 1-277 and N.C. Gen. Stat. § 7A-27(d)(l) (2005). The right to arbitrate a claim is a substantial right which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable. *Burke v. Wilkins*, 131 N.C. App.

EDWARDS v. TAYLOR

[182 N.C. App. 722 (2007)]

687, 688, 507 S.E.2d 913, 914 (1998). We now address the merits of defendants' appeal.

I

**[2]** Defendants argue the trial court erred by denying their motion to compel arbitration. We disagree.

> The question of whether a dispute is subject to arbitration is an issue for judicial determination. The trial court's conclusion as to whether a particular dispute is subject to arbitration is a conclusion of law, reviewable *de novo* by the appellate court. The determination of whether a dispute is subject to arbitration involves a two pronged analysis; the court must ascertain both (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement.

*Raspet v. Buck*, 147 N.C. App. 133, 136, 554 S.E.2d 676, 678 (2001) (citations and quotations omitted). When the party seeking to enforce the arbitration agreement has performed a portion of the services and thereafter presents a written agreement to the other party, the written agreement, if it substantially changes the terms of the oral agreement, cannot be enforceable. *Southern Spindle & Flyer Co. v. Milliken & Co.*, 53 N.C. App. 785, 788, 281 S.E.2d 734, 736 (1981) ("Mere acknowledgement of receipt of the purchase order form [containing an arbitration clause] did not constitute assent to its terms.").

North Carolina General Statutes, Section 1-567.2 requires that all agreements to arbitrate be in writing at the time of the agreement.[1]

> Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy.

N.C. Gen. Stat. § 1-567.2 (2002).

---

1. North Carolina General Statute §§ 1-567.2 to 1-567.20 have been repealed; however, § 1-567.2 remains applicable to the instant dispute because the agreement was entered into before 1 January 2004. N.C. Gen. Stat. § 1-569.3 (2003).

**EDWARDS v. TAYLOR**

[182 N.C. App. 722 (2007)]

The cases relied upon by defendants in support of their argument that the trial court should have compelled arbitration are inapposite. *See Red Springs Presbyterian Church v. Terminix Co.*, 119 N.C. App. 299, 302, 458 S.E.2d 270, 273 (1995) (A valid agreement to arbitrate exists where the language is clear and unambiguous and the parties signed the contract agreeing to submit any disputes for arbitration prior to the start of the contract); *see also Revels v. Miss N.C. Pageant Org., Inc.*, 176 N.C. App. 730, 734, 627 S.E.2d 280, 283 (2006) (Arbitration held enforceable where "it is clear that Revels assented to all terms of the contract including the arbitration clause. Revels' signature appears at the end of the contract on the signature line and, further, Revels placed her initials on each page of the contract, including the one containing the arbitration clause. No ambiguity exists as to whether there was assent to each of the terms.").

In the instant case, the parties entered into an oral agreement in which defendants agreed to perform a home inspection and plaintiffs agreed to pay $288 for the inspection. Defendant Smith inspected the house, then later met with plaintiff, and only during that meeting did defendant seek to have plaintiff sign a written contract with additional terms including an arbitration agreement. Defendant Smith performed the home inspection on the basis of an oral contract. Thus, under North Carolina law, the oral agreement between the parties for the performance of a home inspection could not contain an enforceable agreement to arbitrate. N.C.G.S. § 1-567.2 (2002). Therefore, although both parties signed a written agreement, the trial court properly held the parties did not enter into a valid written agreement to arbitrate. Upon *de novo* review of this issue, we determine the trial court properly denied defendants' motion to compel arbitration. This assignment of error is overruled.

II

Defendants argue the trial court erred by finding the home inspection contract was not supported by consideration. Because we have determined the trial court properly found there was no valid written agreement to arbitrate, we deem it unnecessary to reach defendants' second issue.

III

[3] Defendants argue the trial court erred by entering its written order. Defendants state the written order rendered on 6 March 2006 held the home inspection contract was "unconscionable" and "the

provisions of the written contract, specifically the clauses referring to arbitration and the limitation of liability, are unenforceable and against public policy." Accordingly, defendants contend the written order fails to adequately capture the oral order discussed in open court at the 8 February 2006 hearing and is invalid. We disagree.

N.C. Gen. Stat. § 1A-1, Rule 58, Entry of judgment states:

Subject to the provisions of Rule 54(b), a judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court. The party designated by the judge or, if the judge does not otherwise designate, the party who prepares the judgment, shall serve a copy of the judgment upon all other parties within three days after the judgment is entered.

N.C. Gen. Stat. § 1A-1, Rule 58 (2005). "A trial court has the authority under N.C.G.S. § 1A-1, Rule 58 to make a written judgment that conforms in general terms with an oral judgment pronounced in open court[.]" *Morris v. Bailey*, 86 N.C. App. 378, 389, 358 S.E.2d 120, 127 (1987). If the written judgment conforms generally with the oral judgment, the judgment is valid. *Id.*

As evidenced by the transcript, the issues of unconscionability of the contract and limitation of liability were brought to the trial court's attention. In fact, the trial court inquired whether there would be any evidence that plaintiffs "had heard anything about an arbitration clause or [] limited liability prior to [] hiring [the home inspector.]" Defense counsel replied "[n]o, your honor." After hearing from plaintiffs' counsel that the alleged contract (which included the arbitration and limited liability clauses) was unconscionable, the trial court then rendered the following oral order:

THE COURT: All right. Well, I'd like an order prepared finding that there was apparently an oral agreement for this inspection. I take it that the price was agreed upon or at least discussed when the oral agreement was made, is that correct?

MR. JACKSON: Yes, Your Honor. It was done by telephone.

THE COURT: Okay. And that the work was performed. That the defendant chose to produce his written report and to receive his pay. He then asked for, and the plaintiffs did sign, a written agreement which did provide for arbitration. That this arbitration agreement had never been previously discussed; that there was no additional consideration to the plaintiffs for this. Their con-

sideration for the inspection, having already been received, accepting the report, that they were already obligated to pay, that the arbitration agreement is thus invalid, and that the matter will not go to arbitration, it's for a court of law.

The language the trial court used, particularly stating that the arbitration agreement had never been discussed, addresses the unconscionability of the contract. We therefore hold that the written order of the trial court conforms with the oral judgment pronounced in open court. This assignment of error is overruled.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.