IN RE: W.W. JARVIS & SONS, A NORTH CAROLINA GENERAL PARTNERSHIP

No. COA08-605

(Filed 6 January 2009)

**1. Appeal and Error— appealability—arbitration—substantial right**

An order denying arbitration of two issues affected a substantial right and was immediately appealable.

**2. Arbitration and Mediation— arbitration—partial referral of issues—broad and inclusive agreement—exceptions not applicable**

The trial court erred by not referring all disputes in the dissolution of a partnership to arbitration under the broad and inclu-- sive language of the-arbitration agreement. While the appellee argued that exceptions applied for a liquidated damages clause and a clause concerning the means of dissolution, no authority was cited for the proposition that a trial court can short-cut arbitration proceedings when only one viable arbitration conclusion is possible, and the clause concerning the means of dissolution is properly read more narrowly rather than as a broad exception to arbitration.

Appeal by petitioners from order entered 28 February 2008 by Judge Thomas D. Haigwood in Currituck County Superior Court. Heard in the Court of Appeals 17 November 2008.

*Trimpi & Nash, LLP, by John G. Trimpi, for petitioners-appellants.*

*Baker, Jones, Daly & Carter, P.A., by Ronald G. Baker and Roswald B. Daly, Jr., for respondent-appellee.*

MARTIN, Chief Judge.

Petitioners-appellants William W. Jarvis, III and Charles D. Jarvis appeal from an order denying in part their petition to compel arbitration on several disputes arising out of the W. W. Jarvis & Sons partnership. While the court below referred most of the disputes to arbitration, it resolved two on their merits, namely the applicability of a partnership withdrawal penalty clause and the necessity to distribute the partnership's assets by means of sale. Appellants contend that the trial court erred by holding that these two issues were not subject to arbitration, and in the alternative, even if not subject to arbitration, the court was premature in entering a judgment on the merits. We reverse and remand for entry of an order compelling arbitration on all disputes.

W. W. Jarvis & Sons is a North Carolina general partnership primarily in the business of managing farms in Currituck County. The partnership was formed by a written operating agreement dated 14 December 1976, which was amended on 27 December 1976 to exist for a specified term of ten years. After the term expired, the partner-

ship nevertheless continued operations in the same manner as during the ten-year term.

At present, over 80% of the partnership is owned by the three Jarvis brothers, with the remainder owned by the estate of Margaret Jarvis, wife of the late W. W. Jarvis, Jr., founder of the partnership. Relations within the partnership have deteriorated, culminating in a demand for dissolution by partner William W. Jarvis, III and the petition for arbitration by him and partner Charles D. Jarvis.

A petition for arbitration of twenty-four itemized disputes was filed on 12 December 2007, pursuant to an arbitration clause included within the partnership agreement:

21. All disputes which arise under this agreement shall be referred to a single arbitrator if the partners can unanimously agree with him, otherwise, to a board of three (3) arbitrators composed of two (2) arbitrators chosen by a majority vote of the partnership interests and a third arbitrator to be chosen by the other two (2) arbitrators. The decision of the single arbitrator or of any two (2) members of such board shall bind the parties to the controversy, as well as their representatives. Such decision shall be enforced with the same force and effect as a decree of a court of competent jurisdiction. The csto [sic] of the arbitration shall be borne by the partnership; provided, however, the arbitrators by unanimous vote shall have the power to tax any and all expense of the arbitration to the losing party or parties if the arbitrators decide that the arbitration was brought for a frivolous and/or non-meritorious reason.

In his answer, respondent James M. Jarvis admitted that the arbitration clause was effective for a number of the disputed matters. He also filed a counterclaim for declaratory judgment on three controversies: (1) whether a penalty clause should be enforced against petitioners, punitively reducing their partnership interests by 20% each; (2) whether the partnership assets had to be sold prior to distribution; and (3) whether petitioners could pay their legal expenses with partnership funds. Petitioners responded to this counterclaim with a motion to compel arbitration as to the issues raised by the counterclaim and a motion to stay proceedings.

Following a hearing, the trial court entered an order referring all matters to arbitration except the first and second controversies above. As to those issues, the court concluded that the penalty clause remained binding and that withdrawal of a partner demands sale of

partnership assets if no agreement is reached otherwise. The trial court ordered that the partnership be dissolved by sale, that the penalty clause be enforced, and that all other matters be arbitrated. Petitioners appeal, assigning error to the trial court's conclusion and order that the partnership must be dissolved by sale, that the penalty clause remains in effect, and that the merits of these matters were rightly decided without arbitration.

---

Petitioners argue the trial court erred in concluding that disputes over a dissolution penalty clause and the necessity of liquidation by sale need not be referred to arbitration. We agree and reverse.

### Standard of Review

The parties do not challenge the existence of an arbitration clause, but rather what disputes are covered by that arbitration clause. We review de novo a trial court's determination of whether any given dispute is governed by a particular arbitration clause. *See Ellis-Don Const., Inc. v. HNTB Corp.*, 169 N.C. App. 630, 634, 610 S.E.2d 293, 296 (2005); *Slaughter v. Swicegood*, 162 N.C. App. 457, 461, 591 S.E.2d 577, 580 (2004) (citing *Raspet v. Buck*, 147 N.C. App. 133, 136, 554 S.E.2d 676, 678 (2001)).

### Interlocutory Appeal

[1] As an initial matter, we note the interlocutory nature of the order below. Appellate review of an interlocutory order is permitted under N.C.G.S. § 7A-27(d)(1) when the order "[a]ffects a substantial right," and review is permitted under N.C.G.S. § 1-277(a) of any order "involving a matter of law or legal inference . . . which affects a substantial right." It is well established that "[t]he right to arbitrate a claim is a substantial right which may be lost if review is delayed, and an order denying arbitration is therefore immediately appealable." *Edwards v. Taylor*, 182 N.C. App. 722, 724-25, 643 S.E.2d 51, 53 (2007); *accord Martin v. Vance*, 133 N.C. App. 116, 119, 514 S.E.2d 306, 308 (1999); *Prime South Homes, Inc. v. Byrd*, 102 N.C. App. 255, 258, 401 S.E.2d 822, 825 (1991).

### Applicability of Arbitration Clause

[2] In general, a two-pronged analysis is required to determine whether a dispute is subject to arbitration: (1) whether a valid arbitration agreement exists, and (2) whether the particular dispute is within the agreement's substantive scope. *See Raspet v. Buck*, 147 N.C. App. 133, 136, 554 S.E.2d 676, 678 (2001). Here, the trial court's

**IN RE W.W. JARVIS & SONS**

[194 N.C. App. 799 (2009)]

finding that an arbitration agreement exists is not contested, so only the second prong requires further analysis. To determine if a particular dispute is subject to arbitration, this Court must examine the language of the agreement, including the arbitration clause in particular, and determine if the dispute falls within its scope. *See Hobbs Staffing Servs., Inc. v. Lumbermens Mut. Cas. Co.*, 168 N.C. App. 223, 225, 606 S.E.2d 708, 710 (2005) (citing *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 23-24, 331 S.E.2d 726, 731 (1985)). Any uncertainty as to the scope of the arbitration clause should be resolved in favor of arbitration, and "[u]nless it can be said with confident authority that the arbitration clause cannot be read to include the asserted dispute, the court should grant a parties' motion to arbitrate the particular grievance." *Id.* at 225-26, 606 S.E.2d at 710. This standard reflects this state's "strong public policy favoring the settlement of disputes by arbitration." *See Johnston County v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 91, 414 S.E.2d 30, 32 (1992).

Here, the disputes at issue implicate three clauses in the partnership agreement, as amended. The first is the arbitration clause itself which provides that "[a]ll disputes which arise under this agreement shall be referred to" arbitration. The others relate directly to the challenged items in the trial court's order. The first, in the amendment to the partnership agreement, states:

Partners Voluntary Withdraw-Liquidated Damages

3. Paragraph 17 of the original agreement allows for the withdrawal or retirement from the partnership by any partner thereby bringing about the dissolution of the partnership. The parties agree that any partner withdrawing or retiring without the agreement of all the parties during the term of this agreement shall be deemed to have breached the partnership agreement as amended. Under such circumstances, the procedure set forth under Paragraph 18 of the original partnership agreement shall apply subject to the imposition of a liquidated damage penalty which shall reduce the withdrawing or retiring partner's interest in an amount equal to 20% of his or her partnership interest as defined under the original and amended partnership agreement.

The second, in the main agreement, provides:

[18]D. If, within one (1) year [of] the notice of withdrawal the remaining partners do not elect to purchase the interest of the retiring or withdrawing partner in the partnership, then the

**IN RE W.W. JARVIS & SONS**

[194 N.C. App. 799 (2009)]

remaining partners shall proceed with reasonable promptness to liquidate the business of the partnership and the retiring or withdrawing partner *shall have the right to force such compulsory dissolution by court order* and/or other alternate legal remedies. The procedure as to such compulsory liquidation and distribution shall be the same as stated in paragraph 16 of this agreement with reference to Dissolution by Agreement.

(Emphasis added.)

From the outset, we recognize that "all disputes which arise under this agreement" is broad and inclusive language. Broad arbitration clauses contained within a partnership agreement will govern any dispute concerning the partnership amongst the parties to the agreement. *See Sloan Financial Group, Inc. v. Beckett,* 159 N.C. App. 470, 480-84, 583 S.E.2d 325, 331-33 (2003) (noting that, had the arbitration clause been in the partnership agreement instead of an operating agreement, the partners would have been required to arbitrate a series of non-contract claims). Accordingly, unless exceptions apply, the arbitration clause would govern all the existing disputes amongst the Jarvis partners.

In the matter of the liquidated damages clause, appellee argues that the dispute over its continued effectiveness need not be submitted to arbitration, as for the arbitrator to rule otherwise would necessitate the court setting the arbitrator's decision aside. Appellee cites no authority for the proposition that a trial court can short-cut arbitration proceedings when only one viable arbitration conclusion is possible, nor is it clear that this is such a case where there is only one such conclusion. The purposes of arbitration would be substantially diluted if courts could freely resolve otherwise arbitrable disputes whenever a clear outcome is asserted. *Cf.* N.C.G.S. § 1-567.2 (2002) (providing that arbitration is enforceable "without regard to the justiciable character of the controversy").[1] Accordingly, the enforceability of the liquidated damages clause is a matter properly submitted to arbitration.

In the dispute over the means of dissolution of the partnership, appellee points to language in paragraph 18 of the partnership agreement that the "withdrawing partner shall have the right to force such

---

1. N.C.G.S. § 1-567.2 was repealed in 2003; however, it remains applicable to the instant dispute because the agreement was entered into before 1 January 2004. N.C.G.S. § 1-569.3 (2003); *Edwards v. Taylor,* 182 N.C. App. 722, 725 n.1, 643 S.E.2d 51, 53 n.1 (2007).

compulsory dissolution by court order" as exempting the means of dissolution from arbitration. In general, the means and process of dissolution of a partnership can be determined by arbitration. *See In re Cohoon*, 60 N.C. App. 226, 231, 298 S.E.2d 729, 732 (1983) (holding that since the partnership agreement detailed the manner of dissolution, a dispute about dissolution would be covered by an arbitration agreement). It is incorrect to read the language of paragraph 18 as a broad exception to arbitration. First, in light of the strong public policy favoring arbitration, the clause in paragraph 18 is properly read narrowly as permitting a court to order the partnership be dissolved generally, while reserving the specifics of how the dissolution should proceed for arbitration. Additionally, given the substantial portion of the partnership agreement, seven of thirteen pages, that concern various dissolution scenarios, to permit this language to allow court orders governing all aspects of dissolution would risk trivializing the arbitration clause. Finally, by the very terms of paragraph 18, a *"withdrawing partner* shall have the right to force such compulsory dissolution by court order." (Emphasis added.) In the dispute at hand, the non-withdrawing partner is seeking to avoid arbitration by means of a court order, and the withdrawing partner has sought no orders beyond those incidental to forcing arbitration. Thus, to the extent that paragraph 18 limits arbitration, it does not apply in the dispute at hand.

Accordingly, as the entire dispute between the Jarvis partners was properly a matter for arbitration, the trial court erred in not referring all disputes to arbitration. As such, we need not reach the alternative argument raised by appellants that the trial court was premature in concluding as a matter of law that the penalty clause remained in effect and that a sale of assets must precede dissolution. We reverse and remand to the trial court for entry of an order granting petitioners' motion to compel arbitration.

Reversed and Remanded.

Judges WYNN and STEPHENS concur.