BENBOW & ASSOCIATES, INC., PLAINTIFF,
v.
ALTAMONT DEVELOPMENT, LLC; KCB CONSTRUCTION COMPANY, INC.; and WEST END INDUSTRIES, INC., d/b/a WEST END CABINET SHOP, DEFENDANTS.
No. COA09-138.
Court of Appeals of North Carolina.
Filed: March 16, 2010.
This case not for publication
Northrup, McConnell & Sizemore, PLLC, by Robert E. Allen, for plaintiff.
Ball Barden & Bell, P.A., by Thomas R. Bell, and Van Winkle Law Firm, by W. James Johnson, for defendants.
ELMORE, Judge.
Altamont Development, LLC (defendant), is a developer of real estate, which, in the spring of 2005, was working to build a housing development in Buncombe County. KCB Construction Company, Inc. (KBC), was defendant's primary contractor for the project. After a bidding process, Benbow & Associates, Inc. (plaintiff), was selected to be a subcontractor for the design and installation of various cabinetry for the units.
In June 2005, plaintiff and defendant signed an agreement (the Exclusive Vendor Agreement) setting out various general expectations regarding construction of the housing development; the agreement states that it in no way modifies or supersedes the terms of the contract to be signed between defendant and plaintiff. On 22 July 2005, a contract titled Standard Form of Agreement Between Contractor and Subcontractor was executed by plaintiff, as Subcontractor; defendant, as Owner; and KBC, as Contractor. Article 6 of this contract concerns arbitration.
On 12 June 2006, after construction of the cabinetry of the model home, plaintiff sent Unit Contracts to defendant, containing plans, specifications, and pricing schedules regarding different cabinetry options for the housing development. The plans and specifications were stamped: "This is an original design and must not be released or copied unless an applicable fee has been paid or job order placed." Defendant issued plaintiff an Initial Unit Payment check of $44,298.84 as a down payment for the first three houses under the contract.
In its complaint, plaintiff alleged that defendant then removed the plans and specifications from the Unit Contracts, copied the designs and specifications, and disseminated the information to solicit competitive bids from plaintiff's competitors, including West End Industries, Inc. (West End). Plaintiff further alleged that, after receiving such bids, defendant required plaintiff to lower its price by $10,000.00. When plaintiff responded that such a decrease in price was impossible, defendant dismissed plaintiff as the cabinetry provider for the development, canceled payment on the Initial Unit Payment check, and hired West End to provide those services instead.
On 12 February 2008, plaintiff filed a complaint against defendant, KBC, and West End, then filed an amended complaint on 19 September 2008. On 31 October 2008, defendant and KBC moved to dismiss and to compel arbitration. On 19 November 2008, the trial court denied both motions. Defendant now appeals the denial of its motion to compel arbitration.[1]
Defendant argues that the trial court erred by denying their motion to compel arbitration. We disagree.
"The question of whether a dispute is subject to arbitration is an issue for judicial determination. The trial court's conclusion as to whether a particular dispute is subject to arbitration is a conclusion of law, reviewable de novo by the appellate court." Edwards v. Taylor, __ N.C. App. __, __, 643 S.E.2d 51, 53 (2007) (quotation and citation omitted).
The contract upon which defendant relies is the Standard Form of Agreement Between Contractor and Subcontractor. Section 6.1 of the contract states:
Any Controversy or claim between the Contractor and the Subcontractor arising out of or related to this Subcontract, or the breach thereof, shall be settled by arbitration, which shall be conducted in the same manner and under the same procedure as provided in the Prime Contract with respect to claims between the Owner and the Contractor .. . .
(emphasis added). The trial court, in its order denying defendant's motion to dismiss, stated that "no binding arbitration agreement exists governing the claims" at issue here; defendant argues that the claims at issue do in fact fall under this clause.
However, plaintiff does not allege that the Standard Form of Agreement has been breached: plaintiff alleges that the Exclusive Vendor Agreement has been breached and that there was a misuse of the materials attached to the Unit Contract. Defendant's argument on this point seems to be based in large part on the physical attachment of the Exclusive Vendor Agreement to the Standard Form of Agreement as exhibits to its complaint. It seems unnecessary to state that such an attachment does not have the legal effect of incorporating the separate agreements into one overarching contract that then applies an arbitration clause found in one portion of one contract to any breach of any portion of any of the contracts.
The arbitration clause quoted above applies only to controversies arising out of the Standard Form of Agreement. We agree with plaintiff that that clause does not govern the claims at issue here.
As such, the order of the trial court denying the motion to compel arbitration is affirmed.
Affirmed.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] KBC also appealed the order, but, on 16 March 2009, KBC moved to dismiss its appeal; that motion was granted on 17 March 2009. Consequently, defendant is the sole appellant before the Court in this matter.