CLAUDIA H. PASCOE, Plaintiff v. DALE G. PASCOE, Defendant

No. COA06-1004

(Filed 5 June 2007)

### 1. Child Support, Custody, and Visitation— support—consideration of child's needs and expenses—shared custody

The trial court did not abuse its discretion in a claim for additional child support and adequately considered (taking as true findings to which error was not assigned) the child's needs, plaintiff's share of those needs, and defendant's contribution to those needs.

### 2. Child Support, Custody, and Visitation— support—worksheet

Defendant's contention that the court should use a worksheet developed by his counsel was moot where he did not argue that the formula used by the court was in error. Moreover, this was a high income child support case for which a case by case approach is required.

### 3. Child Support, Custody, and Visitation— support—summer camp expenses

Defendant did not assign error to relevant findings in a child support case and did not preserve for appeal an issue regarding summer camp expenses.

Appeal by defendant from order entered 24 March 2006 by Judge Anne B. Salisbury in Wake County District Court. Heard in the Court of Appeals 7 March 2007.

*Tharrington Smith L.L.P., by Jill Schnabel Jackson, for plaintiff-appellee.*

*Charles H. Montgomery, for defendant-appellant.*

**PASCOE v. PASCOE**

[183 N.C. App. 648 (2007)]

ELMORE, Judge.

Defendant appeals the district court's 24 March 2006 order requiring defendant to pay child support in the amount of $1,745.00.

Plaintiff and defendant were married in 1987, and are the parents of one daughter, Kristen, born 7 August 1991. The parties separated on 15 September 2002. On 27 June 2003, the parties entered into a separation agreement providing for joint custody of Kristen, with plaintiff having primary residential custody (the agreement).

The agreement provides for defendant to pay $500.00 per month in child support, half of all non-reimbursed medical expenses, and half of all extraordinary child expenses upon which the parties mutually agreed. Defendant voluntarily increased his monthly child support payments to $825.00 in September, 2005. The parties agreed that the increased payments would be retroactive to the date of the agreement. Defendant paid a lump sum representing the increased amount for each intervening month.

Following the separation and divorce, plaintiff brought a claim for additional child support. The hearing on that claim was held on 15 December 2005. At the time of the hearing, each party's net worth exceeded one million dollars. Additionally, both parties maintained full-time employment and earned average monthly incomes in excess of $10,000.00. The trial court's treatment of the case using an above-the-guidelines, high income family standard was therefore uncontested.

The trial court found that since the agreement, defendant's income had increased substantially, while plaintiff's income had increased by only a small amount. Despite these financial changes, the agreement split Kristen's expenses evenly between the parties. Additionally, the trial court determined that Kristen's reasonable needs were almost three times the amount covered by the agreement. The trial court found that by presenting these changed financial circumstances, plaintiff had effectively rebutted the presumption that the child support amount agreed to in the agreement was reasonable.

The trial court's findings of fact include an updated analysis of Kristen's total reasonable needs while in plaintiff's care, which totaled $3,206.85 per month. The court found that plaintiff's *pro rata* share of the parties' gross income at the time of the hearing was 45.6 percent; plaintiff's *pro rata* share of Kristen's reasonable needs while in her custody was therefore $1,462.00 per month. Per these calcula-

tions, the court ordered defendant to pay the remaining $1,745.00 in monthly support for Kristen as well as expenses incurred while Kristen is in his custody. It is from this order that defendant appeals.

[1] Defendant first contends that the trial court did not properly consider Kristen's needs at the houses of both parents and focused solely on her needs while in plaintiff's care. Specifically, defendant notes that the trial court did not give him an offset for the expenses he paid while Kristen was in his custody. Moreover, defendant urges, the trial court erred in determining that some of plaintiff's insurance expenses should be considered as part of the shared expenses. "Absent a clear abuse of discretion, a judge's determination of what is a proper amount of support will not be disturbed on appeal." *Plott v. Plott*, 313 N.C. 63, 69, 326 S.E.2d 863, 868 (1985).

Under N.C. Gen. Stat. § 50-13.4(c), child support must meet the reasonable needs of the child. In determining the amount of support, the court should consider "the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case." N.C. Gen. Stat. § 50-13.4(c) (2005).

In this case, defendant has not assigned error to the trial court's findings of fact Nos. 11-18 (with the exception of the inclusion of half of plaintiff's monthly insurance premium in finding of fact No. 12). These findings of fact include a detailed analysis of Kristen's reasonable needs while in *both* plaintiff's and defendant's custody, as well as a finding that the amount in the agreement was inadequate and therefore did not influence the trial court's decision. Significantly, defendant does not assign error to the overall determination of Kristen's reasonable needs in finding of fact No. 14. Nor did defendant assign error to finding of fact No. 17, which describes Kristen's monthly needs while in defendant's custody. The finding also states, "The reasonable monthly expenses paid by Dale Pascoe . . . have been considered by the [c]ourt in determining defendant's ability to pay an appropriate amount of child support to plaintiff for the benefit of the minor child."

Findings of fact to which no error is assigned "are presumed to be supported by competent evidence and are binding on appeal." *In re A.S.*, 181 N.C. App. 706, 709, 640 S.E.2d 817, 819 (2007) (citing *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991)). Though defendant did assign error to the trial court's finding of fact No. 12, which included the insurance payments made by plaintiff, defendant failed to assign error to the court's *total* calculated reason-

able expenses. Defendant does not assign error to the overall determination of Kristen's reasonable needs while in plaintiff's care, or plaintiff's reasonable share of those needs (finding of fact No. 14). Additionally, defendant failed to assign error to the finding of fact considering his contribution to Kristen's needs while in his care (finding of fact No. 17).

Defendant failed to assign error to these findings of fact; this Court is therefore bound to accept as true the information therein. *In re A.S.*, 181 N.C. App. at 709, 640 S.E.2d at 819. Accordingly, we hold that the trial court's consideration of Kristen's needs, plaintiff's share of those needs, and defendant's contribution to those needs was reasonable and adequate. Defendant failed to show that the trial court abused its discretion; his initial assignment of error is without merit.

**[2]** Defendant next contends that, on remand, the court should use a modified version of the worksheet B analytical process to determine the appropriate amount of child support. Defendant does not argue that the formula used by the trial court constitutes reversible error; he seems merely to suggest that a formula and worksheet developed by his counsel should be used in future cases. There are no grounds for remand in this case; this contention is therefore moot.

Moreover, even if defendant assigned error to the methodology employed by the trial court, we can discern no error in the trial court's determination process. There is no set formula for high-income child support cases. N.C. Gen. Stat. § 50-13.4(c) (2005) requires that the trial court follow the North Carolina Child Support Guidelines when determining the appropriate amount of child support to be paid in each case. N.C. Gen. Stat. § 50-13.4(c) (2005).

> In cases in which the parents' combined adjusted gross income is more than $20,000 per month ($240,000 per year), the supporting parent's basic child support obligation cannot be determined by using the child support schedule.

> In cases in which the parents' combined income is above $20,000 per month, the court should, on a case by case basis, consider the reasonable needs of the child(ren) and the relative ability of each parent to provide support. The schedule of basic child support may be of assistance to the court in determining a minimal level of child support.

N.C. Child Support Guidelines 2005, Ann. R. N.C. 48. This case-by-case standard for above-average income cases has been upheld re-

peatedly by this Court. *See, e.g., Trevillian v. Trevillian,* 164 N.C. App. 223, 225, 595 S.E.2d 206, 208 (2004). Accordingly, we will not further address this assignment of error.

[3] Finally, defendant contends that the trial court erred by ignoring the agreement regarding camp expenses. Defendant is correct in asserting that under North Carolina case law the provisions of a separation agreement are presumed just and reasonable unless a party can rebut that presumption based on evidence of a significant change in the child's reasonable needs. *Patky v. Patky,* 160 N.C. App. 289, 305, 585 S.E.2d 404, 414-15 (2003). However, defendant has failed to preserve this issue for appeal.

Finding of fact No. 15 clearly states that the child's reasonable needs are not equivalent to those contemplated in the agreement: "The Court finds by the greater weight of the evidence that plaintiff has rebutted the presumption that the child support amount in the Agreement is reasonable." Additionally, finding of fact No. 13 outlines Kristen's reasonable individual needs and includes a correction for the amount originally included in plaintiff's affidavit requesting payment for the summer camp. Defendant does not assign error to either of these findings of fact; they are therefore binding on appeal. *In re A.S.,* 181 N.C. App. at 709, 640 S.E.2d at 819. Accordingly, this assignment of error is without merit, and the trial court's order for child support in the amount of $1,745.00 is affirmed.

Affirmed.

Judges TYSON and GEER concur.