IN THE MATTER OF: W.G. E.G., Minor Children.
No. COA07-921
Court of Appeals of North Carolina
Filed December 18, 2007
This case not for publication
Thomas R. Young, for petitioner-appellee Alexander County Department of Social Services.
Mary McCullers Reece, for respondent-appellant-father.
Richard Croutharmel, for respondent-appellant-mother.
Sam Winthrop, for respondent-appellee-mother.
Melanie Cranford, for guardian ad litem.
STROUD, Judge.
Respondent-father and respondent-mother appeal the trial court order requiring, inter alia, respondents to undergo a psychological evaluation. The dispositive questions before this Court are (1) whether the trial court had subject matter jurisdiction and (2) whether the trial court abused its discretion in ordering respondent-father to undergo psychological evaluation. For the following reasons, we affirm.

I. Background
On 12 February 2007, the Alexander County Department of Social Services ("DSS") filed a petition alleging that W.G. and E.G. were neglected juveniles. Respondent-father is the father of both children; respondent-mother is W.G.'s biological mother and the step-mother of E.G. DSS claimed that the children did not receive proper care, supervision, or discipline, and lived in an environment injurious to their welfare.
On 26 April 2007, the children were adjudicated to be neglected children:
in that they have received inappropriate care and have been forced to live in an injurious environment where the parents and third parties used crack cocaine and engage[d] in multiple sex acts between unmarried persons in the home occupied by the children and where the children were exposed to the fumes of the crack cocaine when it was being smoked.
On 9 May 2007, the trial court entered its disposition order. The court noted that the guardian ad litem had recommended that respondents undergo psychological evaluation for the purpose of diagnosing "long term issues" and ensuring that "the underlying maladies that gave rise to the substance abuse and sexual behavior in the [respondents'] household are properly addressed." The trial court concurred, stating that it "does not know why [respondents] engaged in the significant and disturbing behavior" and it was "essential" that "answers be found" and an "appropriate treatment plan be implemented" in order to reunite the children with respondents. The court further stated that until it received the psychological evaluations it could not develop a visitation plan that would be in the children's best interests. Accordingly, the trial court, inter alia, suspended visitation and ordered respondents to have psychological evaluations. Respondents appeal.

II. Subject Matter Jurisdiction
Respondent-mother argues that the trial court lacked subject matter jurisdiction. We disagree. "[W]hether a trial court has subject matter jurisdiction is a question of law, which is reviewable on appeal de novo. Ales v. T.A. Loving Co., 163 N.C. App. 350, 352, 593 S.E.2d 453, 455 (2004).
"The court has exclusive, original jurisdiction over any case involving a juvenile who is alleged to be abused, neglected, or dependent." N.C. Gen. Stat. § 7B-200(a) (2005). "The court shall have jurisdiction over the parent or guardian of a juvenile who has been adjudicated abused, neglected, or dependent, as provided by G.S. 7B-904, provided the parent or guardian has been properly served with summons pursuant to G.S. 7B-406." N.C. Gen. Stat. § 7B-200(b) (2005). "In juvenile proceedings, verified pleadings are necessary to invoke the jurisdiction of the court over the subject matter." In re A.J.H-R., ___ N.C. App. ___, ___, 645 S.E.2d 791, 792 (2007).
In the present case, respondent-mother does not dispute that she was properly served with summons or that the petition was properly signed and verified. Respondent-mother argues that DSS lacked standing, and thus the trial court lacked jurisdiction. Specifically, respondent-mother claims that DSS forced her to place W.G. with the maternal grandmother. Therefore, respondent-mother contends that because the placement was involuntary, DSS was required to obtain a non-secure custody order in order to have standing to bring the action. We are not persuaded. There is no evidence in the record to support respondent-mother's claim that W.G.'s placement was involuntary. Furthermore, there is no statutory requirement that DSS obtain custody, non-secure or otherwise, in order to file a petition alleging neglect, abuse or dependency. Cf. N.C. Gen. Stat. § 7B-1103(a)(3) (2005) (requiring DSS to have custody in order to have standing to file petition to terminate parental rights). Moreover, there is no statutory authority divesting the trial court of its "exclusive, original jurisdiction" where DSS fails to obtain a non-secure custody order. See N.C. Gen. Stat. §§ 7B-200(a), -201(a) (2005) (providing for continuing jurisdiction over the juvenile until terminated by court order or until juvenile reaches age 18 or is emancipated). Accordingly, respondent-mother's assignment of error is overruled.

III. Psychological Evaluation
Respondent-father argues that the trial court erred by ordering him to submit to a psychological evaluation. Respondent-father asserts that the trial court is limited to ordering treatment that is "directed toward remediating or remedying behaviors or conditions that led to or contributed to the juvenile's adjudication or to the court's decision to remove custody of the juvenile from the parent . . . ." N.C. Gen. Stat. § 7B-904(c) (2005). Respondent-father contends that the issues here included drug abuse, domestic violence, and anger management. He claims he was addressing those issues by attending counseling, undergoing drug screens, and attending Narcotics Anonymous. Respondent-father argues the trial court exceeded its authority granted by N.C. Gen. Stat. § 7B-904(c) because he was already enrolled in adequate treatment aimed at remedying his behavior, and the psychological evaluation would not likely result in any further corrective action not already being taken. After careful review of the record and contentions of respondent-father, we disagree. We review the trial court's order requiring respondent-father to undergo psychological evaluation under an abuse of discretion standard. In re A.S., ___ N.C. App. ___, ___, 640 S.E.2d 817, 821 (2007), aff'd, No. 140A07, 2007 WL 3313176 (N.C. Nov. 9, 2007). Pursuant to N.C. Gen. Stat. § 7B-904(c), the trial court in its discretion
[a]t the dispositional hearing or a subsequent hearing . . . may determine whether the best interests of the juvenile require that the parent . . . undergo psychiatric, psychological, or other treatment or counseling directed toward remediating or remedying behaviors or conditions that led to or contributed to the juvenile's adjudication or the court's decision to remove custody of the juvenile from the parent . . . . If the court finds that the best interests of the juvenile require the parent . . . [to] undergo treatment, it may order that individual to comply with a plan of treatment approved by the court or condition legal custody or physical placement of the juvenile with the parent . . . upon [the parent's] compliance with the plan of treatment.
N.C. Gen. Stat. § 7B-904(c); see also In re A.S. at ___, 640 S.E.2d at 821.
In adjudicating the children to be neglected by respondents, the trial court made findings of fact, to which respondents did not assign error, that respondents abused crack cocaine while the children were in the home, exposing them to the fumes, and exchanged money or crack cocaine with third parties "in consideration for sexual favors with the third party, said favors being performed on the third party by [respondent-mother]." Respondents were concerned that the children "would walk in on persons using crack or having sex in the living room of their home and tied the doors to the children's rooms shut."
In the dispositional order, the trial court found as fact that both children exhibited behaviors which caused concern. Based on these findings, the trial court determined that a psychological evaluation would help diagnose long term issues that led to respondents' acts necessitating the removal of the children from the home. Additionally, the trial court indicated that an evaluation was necessary to develop a visitation plan and ensure the children's safety. Thus, in "the children's best interests" the trial court ordered respondents to undergo psychological evaluation. We hold that the trial court's findings support its order for evaluation and treatment as being in the best interests of the juveniles and were remedial in nature. We discern no abuse of discretion in the trial court ordering respondent-father to undergo psychological evaluation. Accordingly, this assignment of error is overruled.

IV. Conclusion
We conclude that DSS did have standing to bring this action and the trial court did have the necessary subject matter jurisdiction. On the merits, we conclude that the trial court did not abuse its discretion in requiring respondents to undergo psychological evaluation. Therefore, we affirm the order of the trial court.
AFFIRMED.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).