BARKER v. BARKER

[228 N.C. App. 362 (2013)]

JAMESIA HICKS BARKER, Plaintiff
v.
JOSEPH DAVID BARKER, Defendant

No. COA12-1551

Filed 6 August 2013

1. **Contempt—civil—divorce consent judgment—college expenses—diligent application to education**

    The trial court did not err by finding defendant in contempt where defendant had agreed in a divorce consent judgment to pay 90% of his daughter's (Holly's) college expenses as long as she diligently applied herself, Holly initially encountered difficulties, and defendant stopped paying, but the consent judgment did not include an objective measurement.

2. **Contempt—civil—failure to comply with consent judgment—college expenses for daughter**

    The trial court did not err by holding defendant in civil contempt for failing to pay his daughter's college expenses pursuant to a consent judgment where defendant argued there was no evidence that he was able to comply, but defendant testified that he withheld payment to "leverage" his daughter to improve her grades and not because of any inability to pay on his part. Defendant did not raise or argue an issue regarding ambiguity in the language of the agreement.

Judge DILLON concurring in part and dissenting in part.

Appeal by defendant from order entered 17 July 2012 by Judge F. Warren Hughes in Avery County District Court. Heard in the Court of Appeals 10 April 2013.

*Nancy M. Rivenbark, and Hedrick Kepley, PLLC, by Jeffery M. Hedrick, for plaintiff-appellee.*

*Respess & Jud, by W. Wallace Respess, Jr., and Marshall Hurley, PLLC, by Marshall Hurley, for defendant-appellant.*

CALABRIA, Judge.

**BARKER v. BARKER**

[228 N.C. App. 362 (2013)]

Joseph David Barker ("defendant") appeals from an order finding him in civil contempt for willful failure to comply with an order directing him to pay his child's educational costs. We affirm.

## I. Background

Defendant and Jamesia Hicks Barker ("plaintiff") (collectively "the parties") were married in November 1987. The parties had two children: Holly Elizabeth Barker ("Holly") and Alexander Joseph Barker ("Alex") (collectively "the children") who were still minors in 2001 when the parties separated. Plaintiff filed an action for post separation support, divorce, alimony, equitable distribution, child custody, and child support. On 20 August 2003, the parties signed a consent order ("Stipulations and Order") resolving all their disputes and agreeing to a payment schedule. The parties agreed, *inter alia*, defendant would pay 90% and plaintiff 10% of the tuition, room and board costs ("college expenses") for the children's college education as long as they diligently applied themselves to the pursuit of education.

In the Fall of 2010, Holly enrolled as an undergraduate student at Milligan College in Johnson City, Tennessee. At the end of Holly's first semester of college, her grade point average ("GPA") was 1.955. Holly was placed on academic probation and remained on it when her cumulative GPA for the 2010-2011 academic year was a 1.908. Defendant paid 90% of Holly's college expenses for the 2010-2011 school year.

For the Fall 2011 semester, Holly was enrolled in 16.5 hours but earned only 7.5 hours of credit for the semester after her best friend died unexpectedly. Although Holly was treated for depression and was prescribed medication and therapy, she finished with a 1.000 GPA and a cumulative GPA of 1.658. However, Holly finished the Spring 2012 semester with a 2.907 GPA and her cumulative GPA improved to a 2.000. Defendant decided he would not pay Holly's tuition for the 2011-2012 school year until he saw a transcript of her grades. Defendant notified Holly and plaintiff that he would not pay her college expenses.

On 18 April 2012, plaintiff filed a Motion to Show Cause, seeking the issuance of an order requiring defendant to show cause as to why he should not be held in contempt for violating the Stipulations and Order. After a hearing, the trial court found defendant had the ability to comply but refused to do so. The court also found defendant's daughter diligently applied herself to the pursuit of her education at Milligan College. The trial court found that defendant was in willful civil contempt since he had the means to comply but refused to do so. The trial court found

defendant could purge his contempt by paying $15,150.00, the amount he owed plaintiff for the 2011-2012 school year. Defendant appeals.

## II. Standard of Review

On appeal, the standard of review when the trial court sits without a jury is "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). Findings of fact made in a non-jury trial are conclusive on appeal if there is evidence to support them, but conclusions of law are reviewed *de novo. Id.* "Findings of fact to which no error is assigned 'are presumed to be supported by competent evidence and are binding on appeal.' " *Pascoe v. Pascoe*, 183 N.C. App. 648, 650, 645 S.E.2d 156, 157 (2007) (citation omitted).

## III. Defendant's Obligations

Defendant argues that the trial court erred by finding that Holly was diligently applying herself to the pursuit of her education when she was on academic probation for the first three semesters with a cumulative GPA of 1.658 and that her poor academic performance relieved him of his contractual duty to pay for her education. We disagree.

It is well-established that " 'a parent can assume contractual obligations to his child greater than the law otherwise imposes ... [i.e.,] a parent may expressly agree to support his child after emancipation and beyond majority, and such agreements are binding and enforceable.' " *Ross v. Voiers*, 127 N.C. App. 415, 417, 490 S.E.2d 244, 246 (1997) (citation omitted). Consent judgments are contracts. *Yount v. Lowe*, 288 N.C. 90, 96, 215 S.E.2d 563, 567 (1975). " 'Whenever a court is called upon to interpret a contract its primary purpose is to ascertain the intention of the parties at the moment of its execution.' " *Gilmore v. Garner*, 157 N.C. App. 664, 666, 580 S.E.2d 15, 18 (2003) (citation omitted). Where a contract's language is clear and unambiguous, a court must interpret it as it is written and may not reject its terms or insert what was omitted. *Corbin v. Langdon*, 23 N.C. App. 21, 25, 208 S.E.2d 251, 254 (1974). An undefined term in a contract is to be given its ordinary significance. *E. L. Scott Roofing Co. v. State*, 82 N.C. App. 216, 223, 346 S.E.2d 515, 520 (1986).

"In negotiating a contract the parties may impose any condition precedent, a performance of which condition is essential before the parties become bound by the agreement. A promise, or the making of a contract, may be conditioned upon the act or will of a third person."

*Fed. Reserve Bank v. Neuse Mfg. Co.*, 213 N.C. 489, 493, 196 S.E. 848, 850 (1938). " 'Breach or non-occurrence of a condition prevents the promisee from acquiring a right, or deprives him of one, but subjects him to no liability.' " *In re Foreclosure of C and M Invs.*, 346 N.C. 127, 132, 484 S.E.2d 546, 549 (1997) (citation omitted).

In the instant case, the parties entered into an agreement regarding their children's college expenses in Paragraph 5 of the August 2003 Stipulations and Order which provides that:

> Plaintiff shall pay ten percent (10%) and Defendant shall pay ninety percent (90%) to or for the benefit of each child of the tuition, room and board, and books for a four-year college education at whatever institution the respective child has been accepted and shall elect to attend as herein specified in a timely fashion sufficiently in advance of the due date to allow for proper enrollment at each successive semester or quarter ... Plaintiff's and Defendant's obligation to educate the children as set forth herein shall continue as long as he/she shall continue his/her education and diligently apply himself/herself to the pursuit of such education and in any event shall terminate upon the expiration of four (4) years following the date of each child's initial matriculation unless interrupted unavoidably by reason of military service, illness or other condition beyond the control of the child....

Holly enrolled in college in the Fall of 2010 and defendant satisfied his obligation to pay for 90% of Holly's college expenses for the 2010-2011 school year. However, when it appeared that Holly's grades were less than stellar, he believed that he was relieved of his duty to pay any amount of college expenses for the 2011-2012 school year. At the show cause hearing, the trial court heard evidence regarding defendant's obligations under the Stipulations and Order.

After a hearing, the trial court found as fact:

> 4. That [Holly] received numerous scholarships to assist her in her academic career including a Student Leadership Scholarship.
>
> 5. That [Holly] enrolled in 15.5 hours her first semester, three of which were upper level courses. That in addition she had a 3 hour per week internship ...

6.  That she attempted and completed 14 credit hours for the Spring 2011 semester .... In spite of still being on academic probation, [Holly] received a Student Leadership Scholarship.

7.  That for the Fall 2011 semester, [Holly] attempted 16.5 hours. That shortly after beginning the fall semester, [Holly] received notice that her best friend had died unexpectedly of a sudden heart attack.

8.  That [Holly] assisted in the planning and execution of her friend's funeral.

9.  That after [Holly] was treated for depression she was prescribed medication along with therapy and managed to finish the semester with a 1.00 GPA ... she remained on academic probation.

10. That for the Spring 2012 semester, [Holly], attempted 14 hours. Her GPA improved for the Spring semester with a 2.907 and her cumulative GPA improved to 2.000.

11. That [Holly] took heavy course loads each semester in an effort to graduate in three years.

12. That she continues to receive academic scholarships and is no longer on academic probation.

. . .

30. ... that [Holly] diligently applied herself to the pursuit of her education at Milligan College.

Defendant contests the trial court's finding of fact 30 because he believes it is not supported by competent evidence and is thus insufficient to support the trial court's judgment. Despite being designated as a finding of fact, the trial court's finding that Holly diligently applied herself represents an inference drawn from other facts and is, for that reason, tantamount to a conclusion of law and will be reviewed as such. *See Wiseman Mortuary, Inc. v. Burrell*, 185 N.C. App. 693, 697, 649 S.E.2d 439, 442 (2007) (a finding of fact is "more properly classified a conclusion of law" when the "determination requir[es] the exercise of judgment...").

When the parties agreed to pay the children's college expenses, a condition precedent to whether or not the parties were relieved of their obligation to pay was included in the Stipulations and Order. The words used as a condition precedent were that the children must "diligently

**BARKER v. BARKER**

[228 N.C. App. 362 (2013)]

apply" themselves. However, the condition that defendant pay the children's college expenses as long as they "diligently appl[ied]" themselves does not use an objective standard to measure the children's actions. Specifically, there were no GPA requirements, nor any provisions included in the order that mention guidelines, such as, that the children must maintain good academic standing in college. Since the parties did not define what encompassed "diligently apply," the words are to be given their ordinary significance. *See E. L. Scott*, 82 N.C. App. at 223, 346 S.E.2d at 520.

*Black's Law Dictionary* (9th ed. 2009) defines "diligent" as "[c]areful; attentive; persistent in doing something." The trial court found that Holly consistently took heavy course loads, had an internship, received a scholarship for student leadership, and improved her cumulative GPA to 2.000 at the end of the Spring 2012 semester, despite the death of her best friend in the Fall. Defendant does not dispute these findings, and therefore they are binding on appeal. *See Pascoe,* 183 N.C. App. at 650, 645 S.E.2d at 157.

While we agree with defendant that Holly's grades were not outstanding during her first three semesters and "academic probation" is some indication that she was not diligently applying herself, the unchallenged findings of fact support the trial court's conclusion. These findings show that despite setbacks, Holly was persistent in continuing her studies. Noticeably, she was determined to stay in school, remained attentive and improved her academic performance. Since there was competent evidence to support the trial court's findings regarding Holly's diligent pursuit of her education, and since those findings support the trial court's conclusion that she was diligently applying herself, the conclusion was proper. *See Shear*, 107 N.C. App. at 160, 418 S.E.2d at 845. Because the trial court properly determined that Holly diligently applied herself, defendant was not excused from performance under the contract.

## IV. Civil Contempt

Defendant argues that the trial court erred by holding him in civil contempt because there was no evidence that he was able to comply with the Stipulations and Order's requirements or that his failure to do so was willful in nature. We disagree.

A person is in civil contempt for failure to comply with a court order when:

(1) The order remains in force;

(2) The purpose of the order may still be served by compliance with the order;

(2a) The noncompliance by the person to whom the order is directed is willful; and

(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.

N.C. Gen. Stat. § 5A-21(a) (2011). "Willful has been defined as disobedience which imports knowledge and a stubborn resistance, and as something more than an intention to do a thing. It implies doing the act purposely and deliberately, indicating a purpose to do it, without authority . . . ." *Ross,* 127 N.C. App. at 418, 490 S.E.2d at 246 (quotation marks and citation omitted).

In the instant case, defendant contends the evidence presented did not support the trial court's conclusion that his noncompliance with the Stipulations and Order was willful. However, defendant testified that he withheld payment in order to "leverage" Holly to improve her grades. This purpose motivated his deliberate disobedience of the order. In addition, the trial court found that defendant "decided" not to pay and that defendant "unilaterally decided that [Holly] was not diligently applying herself." The trial court's finding and conclusion that his noncompliance with the Stipulations and Order was willful were therefore supported by the evidence.

Defendant also challenges the court's finding that he was able to comply with the Stipulations and Order. Defendant contends there was no evidence to support this finding and that the court relied on his status as a physician to make its determination. The trial court made unchallenged findings that defendant satisfied his obligation for the 2010-2011 school year, that he "decided" not to pay for the 2011-2012 school year and that after seeing Holly's Spring 2012 grades "he was willing to pay from this point forward." Further, defendant testified that the reason he did "not pay for the Spring semester was because [he] did not feel like she ... was making satisfactory academic progress ... that was the only leverage that [he] had against Holly to get her to do what she needed to do." Defendant testified that he was "willing to pay from this point forward based on the agreement that we have with *no problems whatsoever.*" (emphasis added). It is reasonable to infer that if defendant made payments for the 2010-2011 academic year and is willing and able to make payments going forward, that he was capable of making payments

for the 2011-2012 academic year. Further, defendant testified that he did not make payments because of Holly's performance, not because of any inability to pay on his part.

The trial court's findings of fact were supported by evidence, and these findings support the trial court's conclusion that defendant had the ability to pay but willfully refused to do so. Therefore, it was not error to hold defendant in civil contempt.

We are precluded from deciding cases on grounds which have not been raised or argued by the parties. *See Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005) (stating that "[i]t is not the role of the appellate courts . . . to create an appeal for an appellant."). As the dissent recognizes, defendant did not expressly claim his lack of willfulness was due to the ambiguity of the Stipulations and Order. Therefore, since defendant did not raise or argue the issue regarding the ambiguity, we cannot address it on appeal.

## V. Conclusion

There was competent evidence to support the trial court's findings that Holly diligently applied herself to her studies, that defendant was able to pay for her college expenses, and that defendant's nonpayment was willful. Therefore, we affirm the trial court's judgment holding defendant in civil contempt and ordering him to pay $15,150.00.

Affirmed.

Judge ERVIN concurs.

Judge DILLON concurs in part and dissents in part in a separate opinion.

DILLON, Judge, concurring in part and dissenting in part.

Because I believe there was competent evidence to support the trial court's findings regarding Holly's diligent pursuit of her education, I concur with Section III of the majority's opinion. However, I do not believe that the trial court's findings support a conclusion that Defendant's actions were willful; and, therefore, I dissent from Section IV of the majority's opinion affirming the trial court's adjudication of civil contempt against Defendant.

In the case *sub judice*, the trial court held Defendant in civil contempt because he failed to comply with the Stipulations and Order dated

20 August 2003 (the 2003 order) that required him to pay a share of his daughter's college expenses "as long as [she] shall continue [her] education and diligently apply [herself] to the pursuit of such education."

Generally, a "judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the Court[,]" *Yount v. Lowe*, 288 N.C. 90, 96, 215 S.E.2d 563, 567 (1975), and that it can be enforced by the filing of "an independent action for a declaratory judgment regarding the interpretation of the contract underlying the judgment" or through a contempt proceeding, *Fucito v. Francis*, 175 N.C. App. 144, 148, 622 S.E.2d 660, 663 (2005). However, our Supreme Court has held that in the domestic law context, once an agreement is incorporated into a consent order, it is *no longer* considered a contract between the parties, but rather a court-ordered judgment, *Walters v. Walters*, 307 N.C. 381, 386-87, 298 S.E.2d 338, 342 (1983); and we have held, in this context, that it is appropriate for a trial court to construe a consent order in a contempt proceeding, but not through a declaratory judgment action. *Fucito*, 175 N.C. App. at 150, 662 S.E.2d at 664. Therefore, it was appropriate for the trial court to construe the language in the 2003 order in the context of the contempt proceeding.

Defendant, however, argues that his "non-compliance with [the 2003 order] was [not] willful in nature." We have held that though a trial court has the authority in the context of domestic law to construe the terms of a prior order in a contempt proceeding, it may not adjudicate a party to be in civil contempt unless the party's noncompliance of the court order is willful. *Ross v. Voiers*, 127 N.C. App. 415, 418, 490 S.E.2d 244, 246, *disc. review denied*, 347 N.C. 402, 496 S.E.2d 387 (1987) (holding defendant's failure to pay for a child's college expenses pursuant to a consent order entered in a domestic action must be willful to support an adjudication of contempt).

"[W]illful[ness]" is defined as "disobedience which imports knowledge and a stubborn resistance, and as something more than an intention to do a thing." *Id.* (citation and quotation mark omitted) Our Court has held that if a prior order "is ambiguous such that a defendant could not understand his . . . obligations under the order, he cannot be said to have 'knowledge' of that order for purposes of contempt proceedings[,]" and his actions, therefore, are not willful. *Blevins v. Welch*, 137 N.C. App. 98, 103, 527 S.E.2d 667, 671 (2000). Thus, if the prior order is ambiguous, a reversal of the trial court's adjudication of civil contempt "[d]ue to the ambiguity" of the prior order may be proper. *Blevins*, 137 N.C. App. at 103, 527 S.E.2d at 671.

In this case, the trial court found that Holly's cumulative GPA for her first two semesters of college was 1.9; that in her third semester, Holly only earned 7.5 credit hours out of 16.5 hours attempted, finishing the semester with a 1.0 GPA and a combined GPA of 1.658, which resulted in her being placed on academic probation; that she did pull her cumulative GPA up to a 2.0 by the end of her fourth semester; that Defendant had paid for two of his daughter's first four semesters but did not believe he was obligated to pay any more towards Holly's first four semesters; and that he indicated a willingness to begin paying support again for future semesters. I believe that based on these findings, the 2003 order was *ambiguous* as to whether Defendant had an obligation to provide support for his daughter's initial four semesters beyond the two semesters for which he had already provided support.[1] *DeRossett v. Duke Energy Carolinas, LLC*, 206 N.C. App. 647, 656, 698 S.E.2d 455, 462 (2010) (holding that "[t]he extent to which a consent judgment is ambiguous is a question of law").

Further, the trial court made other findings which do not support a conclusion that Defendant acted out of "disobedience" or a "stubborn resistance" to the 2003 order, as is required to sustain an adjudication of contempt. Rather, the trial court *specifically found* that "Defendant refused to pay tuition for the [third] semester *because . . . he did not feel like his daughter was 'diligently' applying herself.*" (emphasis added). The trial court further found that the Defendant's noncompliance "was willful in that Defendant unilaterally decided that [his daughter] was not diligently applying herself" in her studies. In other words, the trial court found that Defendant acted willfully, not because he was acting stubbornly in refusing to meet his obligations under the terms of the 2003 order, but rather because he honestly believed that the terms of the 2003 order did not require him to provide for his daughter's education during her time of poor academic performance. Therefore, I believe the trial court's findings do not support its adjudication of contempt.

I note that Defendant does not *expressly* state his lack of willfulness was due to the ambiguity of the 2003 order and that generally our review is limited to the arguments presented. *See* N.C. R. App. P. 28(b)(6). However, to support his contention that his actions were not "willful," Defendant argues that he had attempted to determine "whether

---

1. The trial court, however, made other findings and concluded that, based on its interpretation of the 2003 order, Holly was being diligent in the pursuit of her education and that, therefore, Defendant was obligated to pay his share of Holly's educational expenses for all four of her initial semesters.

[Holly] was applying herself diligently"; that "[w]hen he learned of her poor performance, . . . he sought further verification"; and that "[b]ased upon the information he had, he withheld payment." Further, it is clear from Defendant's arguments throughout his brief that he did not agree with the trial court's interpretation of the 2003 order. Therefore, based on Defendant's brief, I believe "we are able to determine the issues in this case on appeal," *Youse v. Duke Energy Corp.*, 171 N.C. App. 187, 192, 614 S.E.2d 396, 400 (2005), including whether Defendant's actions were willful where he based his actions on an interpretation of the 2003 order that was different from the trial court's interpretation.

In conclusion, I would affirm the trial court's order insofar as it resolved the ambiguity in the 2003 order regarding Defendant's support obligations for his daughter's educational expenses; however, I would reverse the trial court's adjudication of civil contempt.