ZACHARY, Judge.
 

 Felicitas Hayes, formerly Felicitas Scoggin, (defendant), appeals from an order that awarded Christopher Scoggin (plaintiff) primary custody of the parties' four children. On appeal, defendant argues that the trial court erred by entering a child custody order that conflicted with oral statements that the court made during the custody hearing, and that the trial court erred by finding that it was in the best interest of the children for plaintiff to have their primary physical custody. We conclude that the trial court had the authority to enter an order that was different from the court's oral statements during the hearing, and that the trial court did not err by awarding primary physical custody of the children to plaintiff.
 

 I. Factual and Procedural Background
 

 The parties were married on 12 May 2003, separated on 6 March 2013, divorced on 17 September 2013, and are the parents of four children, born in 2002, 2003, 2009, and 2010. At the time of their divorce, plaintiff and defendant were living in California and were both serving in the United States Marine Corps. On 10 May 2013, the parties executed a settlement agreement providing that plaintiff and defendant would share joint legal and physical custody of the children, with the children alternating residence with each parent every other week. In June 2013, plaintiff received military orders to report to Jacksonville, North Carolina, and on 21 June 2013, the parties modified their agreement in order to allow plaintiff to take the children with him to North Carolina. During the following year, the children spent periods of time with plaintiff, defendant, and with plaintiff's parents.
 

 On 22 May 2014, plaintiff filed a motion for modification of child custody. Plaintiff alleged that there had been a substantial change of circumstances in that plaintiff and defendant had moved to North Carolina and Indiana, respectively, and therefore could no longer adhere to the existing custody arrangement pursuant to the terms of which the children spent alternate weeks with each parent. Plaintiff also alleged that defendant had failed to comply with the parties' agreement regarding child custody, and sought primary physical custody of the children. On 10 July 2014, defendant filed a response and countermotion for primary physical custody of the children, in which defendant alleged that plaintiff had failed to abide by the requirements of the parties' custody agreement.
 

 *526
 
 On 10 June 2015, the trial court conducted a hearing on the parties' motions for custody of the children. The trial court heard conflicting testimony from each party regarding the other party's lack of cooperation with their custody agreement. At the close of the hearing, the trial judge spoke for several minutes about the considerations that the court deemed important to the custody determination, and stated that either party would be a fit and proper person to have custody of the children. After reviewing in detail the facts that tended to support each party's claim for primary physical custody of the children, the trial court stated that the parties would share joint legal custody of the children, with defendant having primary physical custody and plaintiff having visitation rights. The court ended the hearing by stating that "[t]his is a really hard decision" and that "I just hope and pray that I've done the right thing." The trial court did not ask counsel for either party to draft an order reflecting the court's decision.
 

 On 8 September 2015, the trial court entered an order for child custody. The court awarded primary physical custody of the children to plaintiff, with defendant to have "liberal visitation privileges," and made findings that supported the court's decision. The trial court's findings also addressed the fact that its decision was different from what the court had orally stated during the hearing:
 

 15. That the Court immediately following the closing arguments of counsel stated that this was a very close call in deciding custody and then rendered an oral pronouncement awarding the defendant primary custody with secondary custody being granted to the plaintiff.
 

 16. That the Court, following the trial after further deliberation and consideration, decided based on the facts contained in this order that it was in the best interests of the minor children to change and reverse the Custody pronouncement previously stated in Court and instead to direct custody as shown in this written order.
 

 17. That the Court notified counsel for both parties that it wanted to meet with them on the Monday following the trial and met with both counsel in Chambers, telephonically or in person on the following Wednesday, at which time the new and amended Order was pronounced by the Court.
 

 18. That no Order had been signed or rendered prior to the final pronouncement by the Court to the parties' counsel in Chambers and this Order is the only written signed Order rendered in this case.
 

 Defendant appealed to this Court from the trial court's order for child custody.
 

 II. Standard of Review
 

 The standard of review in child custody cases may be summarized as follows:
 

 The standard of review "when the trial court sits without a jury is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." "In a child custody case, the trial court's findings of fact are conclusive on appeal if supported by substantial evidence, even if there is sufficient evidence to support contrary findings.... Unchallenged findings of fact are binding on appeal." "Whether [the trial court's] findings of fact support [its] conclusions of law is reviewable
 
 de novo
 
 ." "If the trial court's uncontested findings of fact support its conclusions of law, we must affirm the trial court's order."
 

 Burger v. Smith
 
 , --- N.C.App. ----, ----,
 
 776 S.E.2d 886
 
 , 888-89 (2015) (quoting
 
 Barker v. Barker
 
 ,
 
 228 N.C.App. 362
 
 , 364,
 
 745 S.E.2d 910
 
 , 912 (2013),
 
 Peters v. Pennington
 
 ,
 
 210 N.C.App. 1
 
 , 12-13,
 
 707 S.E.2d 724
 
 , 733 (2011),
 
 Hall v. Hall
 
 ,
 
 188 N.C.App. 527
 
 , 530,
 
 655 S.E.2d 901
 
 , 904 (2008), and
 
 Respess v. Respess
 
 ,
 
 232 N.C.App. 611
 
 , 614,
 
 754 S.E.2d 691
 
 , 695 (2014) (internal quotation omitted)).
 

 In addition, "[i]t is a long-standing rule that the trial court is vested with broad discretion in cases involving child custody."
 
 Pulliam v. Smith
 
 ,
 
 348 N.C. 616
 
 , 624,
 
 501 S.E.2d 898
 
 , 902 (1998) (citation omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason[.]"
 

 *527
 

 White v. White
 
 ,
 
 312 N.C. 770
 
 , 777,
 
 324 S.E.2d 829
 
 , 833 (1985) (citation omitted). The rationale for this rule has been explained as follows:
 

 "[The trial court] has the opportunity to see the parties in person and to hear the witnesses, and [its] decision ought not be upset on appeal absent a clear showing of abuse of discretion." "[The trial court] can detect tenors, tones, and flavors that are lost in the bare printed record read months later by appellate judges."
 

 Surles v. Surles
 
 ,
 
 113 N.C.App. 32
 
 , 36-37,
 
 437 S.E.2d 661
 
 , 663 (1993) (quoting
 
 Falls v. Falls
 
 ,
 
 52 N.C.App. 203
 
 , 209,
 
 278 S.E.2d 546
 
 , 551 (1981),
 
 superseded in part by statute on other grounds as noted in
 

 Smith v. Smith,
 
 --- N.C.App. ----, ----,
 
 786 S.E.2d 12
 
 , 22 (2016), and
 
 Newsome v. Newsome
 
 ,
 
 42 N.C.App. 416
 
 , 426,
 
 256 S.E.2d 849
 
 , 855 (1979) ).
 

 III. Trial Court's Authority to Enter an Order that Differs from the Decision Orally Pronounced by the Court at Trial
 

 At the end of the hearing on this matter, the trial court announced its intention to award primary physical custody of the children to defendant. Upon further consideration, the trial court reached a contrary conclusion and determined that it would be in the best interest of the children if primary physical custody of the children was granted to plaintiff. Within a week of the hearing, the trial court informed the parties of this change and of its intention to award primary physical custody of the children to plaintiff. Approximately three months later, the trial court entered a written order placing the children in the primary physical custody of plaintiff. On appeal, defendant argues that the trial court lacked the authority to enter an order that did not correspond to its oral statements in court. Simply put, defendant asserts that, as a matter of law, the trial court may not change its mind between the end of a trial or hearing and entry of the order determining the issues raised in that proceeding. In the alternative, defendant contends that the trial court's power to enter an order that differs from its statements in court depends upon the existence of a substantial change of circumstances occurring between the date of the trial court's oral statements and the date that the court enters an order in a case. Defendant's arguments lacks merit.
 

 In support of her position, defendant cites this Court's opinion in
 
 Edwards v. Taylor,
 

 182 N.C.App. 722
 
 , 727,
 
 643 S.E.2d 51
 
 , 54 (2007), in which this Court noted that a trial court has the authority to enter a written judgment that "conforms generally" with its oral pronouncement. Defendant contends that this statement necessarily implies its opposite-that the trial court
 
 does not
 
 have authority to enter a written judgment that
 
 does not
 
 generally conform with its statements in court.
 

 Defendant does not cite any authority for this proposition. This issue was recently addressed in
 
 In re O.D.S
 
 ., --- N.C.App. ----,
 
 786 S.E.2d 410
 
 ,
 
 disc. review denied
 
 , --- N.C.App. ----,
 
 790 S.E.2d 752
 
 (2016), in which this Court expressly rejected the same argument made by defendant in the instant case. In
 
 O.D.S
 
 ., a petition was filed seeking to terminate the respondent's parental rights on grounds of neglect and dependency. At the end of the hearing on the petition, the trial court stated that it found the existence of neglect as a ground for termination, and did not discuss the issue of dependency. The trial court later entered a written order finding the existence of both neglect and dependency as grounds for termination. On appeal, the respondent argued that "the trial court erred because, at the conclusion of the adjudication portion of the hearing, the trial court did not orally state it was finding dependency as a ground for termination, but included that ground in the written order entered [after the hearing.]"
 
 O.
 

 D.S.
 
 , --- N.C.App. at ----, 786 S.E.2d at 412.
 

 The opinion issued by this Court in
 
 O.D.S.
 
 carefully reviewed the evolution of our Rules of Civil Procedure regarding entry of judgment, noting that:
 

 Because many of our appellate decisions addressing these issues were based upon rules that have since changed, it is important to note how entry of judgment and notice of appeal from civil judgments have changed in light of revisions to Rule 58 of the North Carolina Rules of Civil Procedure,
 
 *528
 
 which became effective 1 October 1994 for "all judgments subject to entry on or after that date." 1994 N.C. Sess. Laws, Ch. 594[.]
 

 O.D.S
 
 . at ----, 786 S.E.2d at 413. "Entry of judgment based upon oral rendition of judgments is no longer allowed in civil matters; currently, judgments and orders are only 'entered when [they are] reduced to writing, signed by the judge, and filed with the clerk of court.' N.C. Gen. Stat. § 1A-1, Rule 58 (2015)."
 
 Id.
 
 The Court observed that the statement in
 
 Edwards
 
 upon which the instant defendant relies was based upon language in
 
 Morris v. Bailey
 
 ,
 
 86 N.C.App. 378
 
 , 389,
 
 358 S.E.2d 120
 
 , 127 (1987), and stated that "
 
 Morris
 
 [was] discussing a situation when an order was entered orally in open court, then subsequently reduced to writing and filed.... Judgments and orders in civil cases can no longer be entered in open court and, therefore, this portion of
 
 Morris
 
 is no longer relevant."
 
 O.D.S
 
 . at ----, 786 S.E.2d at 417. In
 
 O.D.S
 
 ., this Court held expressly that:
 

 Further, the holding in
 
 Edwards
 
 that "[i]f the written judgment conforms generally with the oral judgment, the judgment is valid[,]"
 
 Edwards
 
 ,
 
 182 N.C.App. at 727
 
 ,
 
 643 S.E.2d at 54
 
 ,
 
 does not command the converse
 
 , i.e. that any written judgment that does not generally conform with the oral judgment is necessarily invalid. Though there may be situations when this is true, we can find no opinion in which it has been held that the written and entered judgment must always generally conform with a prior oral rendition of that judgment in order to be valid. However, as noted above, there are plenary opinions in which our appellate courts have affirmed entered judgments and orders that do not conform to the associated orally rendered judgments and orders.
 

 Id
 
 . (emphasis added). We conclude that
 
 O.D.S
 
 . is controlling on the issue of the trial court's authority to enter an order that conflicts with its oral statements in court, that the court did not err by entering an order that reached a conclusion that differed from its oral pronouncement, and that defendant's arguments for a contrary result lack merit.
 

 IV. Trial Court's Determination of the Best Interests of the Children
 

 Defendant also argues that the trial court erred by awarding primary physical custody of the children to plaintiff. Defendant concedes that there had been a substantial change of circumstances, but contends that there was "a mountain of evidence" that made it "appropriate for the trial court to enter an order granting primary physical custody to [defendant]." However, as discussed above, "[i]f the trial court's uncontested findings of fact support its conclusions of law, we must affirm the trial court's order."
 
 Respess
 
 ,
 
 232 N.C.App. at 614-15
 
 ,
 
 754 S.E.2d at 694
 
 (quoting
 
 Mussa v. Palmer-Mussa
 
 ,
 
 366 N.C. 185
 
 , 191,
 
 731 S.E.2d 404
 
 , 409 (2012) ). In this case defendant neither challenges the evidentiary support for the trial court's findings of fact nor argues that the court's findings do not support its conclusions of law. We conclude that defendant has failed to make a persuasive argument that the trial court erred by determining that it was in the best interest of the children for plaintiff to be granted their primary physical custody.
 

 For the reasons discussed above, we conclude that the trial court did not err and that its order should be
 

 AFFIRMED
 

 Judges ELMORE and ENOCHS concur.